**John CHAPPLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49604.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Rehearing Denied April 23, 1975.

Cofer & Van Overbeek, Bryan, for appellant.

W. T. McDonald, Jr., Dist. Atty., and J. Bradley Smith, Asst. Dist. Atty., Bryan, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation. The appellant entered a plea of guilty to the offense of burglary with intent to commit theft. Punishment was assessed at eight years, probated.

The sole contention of appellant is that the burglary conviction is void because the information upon which he was convicted was not based upon a complaint.

In 1971, Article 1.141, Vernon's Ann.C. C.P., was adopted. See Acts, 62 Leg. page 1148, chapter 260, Section 1. It provides:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. *On waiver as provided in this article, the accused shall be charged by information.*" (Emphasis supplied)

King v. State, 473 S.W.2d 43 (Tex.Cr. App.1971), held that an accused could constitutionally waive an indictment and be prosecuted upon an information for a felony offense.

Before this statute was enacted, there had to be an indictment before one could be convicted for a felony offense. The statute is special and should control over a general statute. It provides that one who is entitled to have an indictment presented before being tried may waive that right and be charged by an information. The purpose of the statute is, in part, to provide the accused a speedier trial if he so desires. No complaint has ever been required before a grand jury could return an indictment charging a felony offense. The present statute provides for the waiver of the indictment so that an information may be filed by the prosecutor as the charging instrument.

In most cases this is done where a defendant wishes to plead guilty and there has been a plea bargain for a recommendation for punishment by the prosecutor. However, the waiver of the indictment may be utilized where a defendant thinks the evidence is insufficient or for some other reason he thinks he will be found not guilty.

Appellant relies upon Article 21.22 [415] [479] [467], V.A.C.C.P. It provides:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths."

This statute and its predecessors were adopted long before a defendant in a felony case could choose to be prosecuted upon an information. The requirement that a complaint be the basis of a prosecution upon an information was for misdemeanor cases.

The cases relied upon by appellant which hold that there must be a valid complaint to support an information are misdemeanor cases. Article V, Section 17, of the Constitution of Texas, Vernon's Ann.St., provides for the jurisdiction of county courts. It provides that "prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law." Procedural statutes enacted pursuant to the constitutional provision require that in misdemeanor cases a complaint must be filed before there can be a valid information. The Constitution does not so provide.

■ An information is not required on appeal in county court where the prosecution begins in a city or justice court. Either an information or a complaint is all that is constitutionally required for jurisdiction to be in a county court.

Article 1.14, V.A.C.C.P., provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

■ Article 1.141, supra, is a special statute and controls over Article 21.22, supra.

■ We hold that when an accused waives the right to be tried upon an indictment and elects to be tried upon an information, no complaint is required.

No error is shown.

The judgment is affirmed.

MORRISON, Judge (concurring).

As I view Article 1.141, V.A.C.C.P., as amended, it creates a new accusatory pleading which supersedes an indictment in certain cases. If this view is correct, then no complaint required by Article 21.22, V.A.C.C.P., is required to support this new pleading.

I concur.

ROBERTS, Judge (dissenting).

The majority hold that Art. 1.141, V.A.C.C.P., created a new accusatory pleading, the "felony information" which need not comport with the traditional requisites of Art. 21.22, V.A.C.C.P., that "no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." I disagree.

The language of Art. 1.141, supra, merely states that the prosecution shall be by "information," without further definition or explanation. In Chapter 21 of the 1965 Code of Criminal Procedure, there is a detailed scheme of rules relating to and regulating indictments and informations, and specifying the respective requisites of each. These rules have been a basic element of our criminal procedure for years and it is safe to assume that the Legislature was aware of them when it enacted Art. 1.141, supra. Yet, the Legislature did not further clarify the meaning of the term "information." To assume, as the majority have

done, from this lack of specificity, that the Legislature intended to negate, in those cases in which indictment is waived, the requirement that no information shall be presented until it is supported by a complaint, would be to usurp the powers of the Legislature. See Thomas v. State, 129 Tex.Cr.R. 628, 91 S.W.2d 716, 718 (1935) wherein it was held:

"A matter not included within a penal statute should not by judicial construction be read into it because in so doing the judiciary would usurp the functions of the Legislature. *The legislative intent should be ascertained from the words of the act itself."* (Emphasis added)

From the few words of the Act in question here, it is more logical to conclude that it was the legislative intent that the term "information" in Art. 1.141, supra, be read in its ordinary sense, that is, as it is used and defined in the Code of Criminal Procedure.[1] In this respect, Art. 1.141, supra, fits more reasonably within our existing statutory scheme. This construction requires the least assumption on this Court's part of what the Legislature intended, comports with the existing procedural rules regarding our accusatory pleadings, and advances the purposes which Art. 1.141, supra, was intended to promote.[2] It is indeed a strained construction from the bare language of the statute that the Legislature intended to alter the traditional concept of the information. Had this in fact been the case, additional language specifying the manner in which the felony information differed from the traditional information would, no doubt, have been included.

In King v. State, 473 S.W.2d 43 (Tex. Cr.App.1971), this Court clearly assumed that the term "information" as used in Art.

1.141, supra, was used in its ordinary sense, for we said at p. 50:

"Even if an individual represented by counsel waives an indictment in a non-capital case in accordance with Article 1.141, supra, the prosecuting attorney need not, if he feels that the public interest or public policy is involved, *file a complaint and information."* (Emphasis added)

This also appears to have been the case in Harris v. State, 499 S.W.2d 139 (Tex.Cr. App.1973). There the accused waived indictment and was prosecuted by information, supported by a complaint. On appeal, he raised objections to the validity of the complaint, which this Court considered and discussed. Such a discussion must, of necessity, have been predicated on the assumption that the complaint was a requisite to the validity of the information, otherwise there was no reason to dispose of the contention. Had the complaint been deemed unnecessary, the appellant's contention would have been moot at best.

The majority rely on Article V, Section 17, of the Constitution of Texas for the proposition that a complaint in a misdemeanor prosecution in County Court is not constitutionally required and it is only by our procedural rules that a complaint is necessary for a valid information. While this may be correct, it does not necessarily follow that Art. 1.141, supra, in and of itself, creates a new form of accusatory pleading without specifically so providing. I am unable to subscribe to the holding of the majority and would construe Art. 1.-141, supra, in accordance with the existing statutory scheme which requires a complaint be made before an information issue.

I dissent to the affirmance of the instant case.

ONION, P. J., joins this dissent.

1. Art. 3.01, V.A.C.C.P., provides:
"All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."

2. See "Note—A New Waiver in Texas Criminal Procedure," 24 Baylor L.Rev. 635 (1972).