**Bobby Joe POWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–354–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1982.

Rehearing Denied May 6, 1982.

George M. Karam, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for the promotion of obscene material. Appellant was found guilty by a jury and assessed a $400 fine. We affirm the judgment of the trial court.

The brief filed by appellant's attorney contains two grounds of error. However, the first ground of error does not relate to the appellant Powell and will not be discussed.

■ In the second ground of error, appellant contends that the trial court erred in not quashing the criminal information filed against him. Appellant argues that Tex. Penal Code Ann. § 43.23(c)(1) (Vernon Supp.1982) under which he was charged, cannot be reconciled with Tex.Penal Code Ann. § 43.22 (Vernon 1974) and is therefore unconstitutionally vague, denies equal protection of the law and is a general statute.

Appellant was prosecuted under § 43.-23(c)(1) for exhibiting the film "Twilight Cowboy." This statute states in relevant part:

(c) A person commits an offense if, knowing its content and character, he:
(1) *promotes* or possesses with intent to promote any *obscene material* or obscene device; or
(2) * * *
(d) An offense under Subsection (c) of this section is a Class A misdemeanor. [emphasis added]

The word "promote" as used in § 43.23(c)(1) is defined in Tex.Penal Code Ann. § 43.-21(a)(5) which states:

"Promote" means to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, *exhibit*, or advertise, or to offer or agree to do the same. [Emphasis added]

According to appellant, the activity which is regulated by § 42.23(c)(1) is also covered by Article 43.22 which provides:

(a) A person commits an offense if he intentionally or knowingly *displays* or distributes an obscene photograph, drawing, or similar visual representation or other *obscene material* and is reckless about whether a person is present who will be offended or alarmed by the display or distribution.
(b) An offense under this section is a Class C misdemeanor. [Emphasis added]

Appellant concludes that the word "exhibit" and the word "display" are interchangeable, and therefore, the two statutes regulate the same criminal actions.

Appellant argues that § 42.23(c)(1) is unconstitutionally vague and denies him due process of law. Appellant points out that under § 43.22, a person can display obscene material but not commit an offense unless he "is reckless about whether a person is present who will be offended or alarmed by the display," while under § 43.23(c)(1) a person can be held criminally responsible if he "exhibits" obscene material regardless of whether he is "reckless" as to who views the material. Also, under § 43.22 the penalty is a Class C misdemeanor with fine up to $200.00 while under § 43.23(c) the offense is a Class A misdemeanor with maximum fine of $2000 and/or confinement in jail up to one year. Appellant argues that the two statutes viewed together are constitutionally vague and this denies him equal protection under the law.

Appellant's constitutional arguments are predicated upon a finding that § 43.23(c)(1) and § 43.22 regulate the same criminal activity. We find that this is not true. It is clear from a reading of the two statutes that each regulates a separate and distinct criminal activity. Since the adoption of the 1973 Penal Code, effective in January 1, 1974, Section 43.22 has defined the narrow offense of the public *display* of pornography, as display in a manner that is "reckless about whether a person is present who will be offended or alarmed by the display or distribution." In passing § 43.22, the legislature recognized that people should be protected from exposure to obscene material that they find offensive, but provided a

lower penalty for those who "recklessly" expose people to obscene material than for those who peddle pornography for commercial gain. On the other hand, Section 43.-23(c)(1), was added by the legislature effective Sept. 1, 1979; it was designed to regulate the criminal activity of *promoting* obscene material or devices. Section 43.-21(a)(5) defines the word promote by listing various activities that will be considered as promotion for purposes of the statute. However, each of these activities must be considered in context of the word promote. The word *promote* and the verbs defined as meaning or constituting such act indicate that in context the act is performed primarily for or with ultimate motivation or at least hope of commercial gain. In such context Webster's New Collegiate Dictionary (1981), defines *promote* as, "... to present (merchandise) for public acceptance through advertising and publicity...." Therefore, when the word exhibit is used to define the word promote, it is a broader activity than "display would connote; the obvious intent of the legislature was to prohibit an exhibition of obscene material which is done in the context of promoting the material. We hold that § 43.23(c)(1) and § 43.22 are two separate and distinct statutes which do not regulate the same criminal activity and therefore, appellant's constitutional arguments are without merit.

 Appellant argues, in the alternative, that if charges were to be brought, they should have been brought under § 43.22 rather than § 43.23(c)(1) because the former is a special statute which controls over the latter, a general statute. In Texas, a special statute controls over a general statute regardless of the order in which the statutes were enacted. *Chapple v. State*, 521 S.W.2d 280 (Tex.Cr.App.1975); *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr.App.1975); *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977). However, this principle is only applicable where necessary because "[t]he rules of statutory construction require that statutes that deal with the same subject be construed so that they harmonize." *Cuellar v. State, supra.* Both § 43.-22 and § 43.23(c)(1) are statutes intended by the legislature to control particular and separate criminal activity and to be complete within themselves. The State could not properly have brought a charge against appellant under § 43.22, but § 43.23(c)(1) is applicable to the facts charged by the information, that appellant did *"exhibit"* obscene material.

Therefore, appellant's ground of error is overruled and the trial court's judgment is affirmed.