**Daniel A. BURCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–91–007–CR.**

Court of Appeals of Texas, Waco.

Dec. 11, 1991.

James H. Kreimeyer, Holbrook, Kreimeyer & Jesek, Killeen, for appellant.

Jimmie McCullough, County and Dist. Atty., Franklin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

On August 22, 1984, Appellant was convicted of theft and assessed a $10,000 fine and a five-year probated sentence. He was granted permission to serve his probation in Utah. On June 10, 1985, the State filed a motion to revoke Appellant's probation, alleging that he violated the terms and conditions of his probation by failing to pay the required fines and probation fees. A *capias* for his arrest was issued, and the Robertson County Sheriff's Department received the *capias* on the following day, June 11.

On March 14, 1989—almost four years after the motion to revoke was filed—the *capias* was sent to Salt Lake City, Utah, but the Robertson County Sheriff's Department received no response. One year later, on March 14, 1990, the *capias* was sent to two counties in Utah. As a result, Appellant was finally arrested in Salt Lake City on December 4, 1990, almost sixteen months after his probationary period had expired.

■ On January 10, 1991, the court held a hearing on the motion to revoke. Appellant appeals from the judgment revoking his probation. Relying on *Rodriguez v. State*, 804 S.W.2d 516 (Tex.Crim.App.1991), he argues in point one that the State failed to show due diligence in arresting him after the *capias* was issued. Because the facts in this case are analogous to those in *Rodriguez*, we will follow that decision.

■ The perplexing dilemma is, having decided to follow *Rodriguez*, what do we do now. The resolution of the dilemma necessarily depends on the effect of the failure to show due diligence: Did it deprive the court of jurisdiction or was it a failure of proof on the merits? If it robbed the court of jurisdiction, then the trial court should have dismissed the cause for want of jurisdiction, and the only action we could take would be do the same. *See Kelley v. State*, 785 S.W.2d 157 (Tex.Crim. App.1990); TEX.R.APP.P. 80(b), (c). On the other hand, if it was a defect in the State's proof on the merits, then the motion to revoke Appellant's probation should have been denied.

The Court of Criminal Appeals has repeatedly stated:

> [A] trial court has *jurisdiction* to revoke ... probation ... after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion.

*Prior v. State*, 795 S.W.2d 179, 184 (Tex. Crim.App.1990) (emphasis added); *see also Rodriguez*, 804 S.W.2d at 517; *Langston v. State*, 800 S.W.2d 553, 554 (Tex.Crim.App. 1990). Before a court has *jurisdiction* to revoke a defendant's probation once his probationary period ends, this statement appears to require: (1) a motion to revoke filed prior to the expiration of the probationary term; (2) a *capias* or warrant issued before the probationary period expires; (3) due diligence to apprehend the defendant; and (4) due diligence to hear and determine the allegations in the motion.

■ However, for three reasons, we conclude that the Court of Criminal Appeals only intends that the first two requirements—both the filing of a motion to revoke and the issuance of a warrant or *capias* before the expiration of the probationary period—be jurisdictional. First, the Court of Criminal Appeals has held that the state only has the burden of showing due diligence if the defendant raises the issue at the revocation hearing. *Langston*, 800 S.W.2d at 555. If the due-diligence requirement were jurisdictional, the state would *always* have the burden of showing

due diligence, and its failure to do so would deprive the court of jurisdiction, even if the defendant never raised the issue. *Rodriguez,* 804 S.W.2d at 520 (Teague, J., dissenting). Second, jurisdiction cannot be waived. *Id.; Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986). Yet, in *Prior,* the court held that the defendant failed to preserve any complaint for appeal when he did not raise due diligence at the revocation hearing. *Prior,* 795 S.W.2d at 185. Finally, the only action a court without jurisdiction can take is to dismiss for want of jurisdiction. *Kelley,* 785 S.W.2d at 157. However, in both *Rodriguez* and *Langston,* the court reversed the judgments and remanded the causes for proceedings "consistent with [the] opinion[s]." *Rodriguez,* 804 S.W.2d at 519; *Langston,* 800 S.W.2d at 555.

The actions by the Court of Criminal Appeals in *Rodriguez, Langston,* and *Prior* are clearly inconsistent with treating the due-diligence requirement as jurisdictional. Consequently, the only way we can harmonize the actions of the Court of Criminal Appeals with the often-quoted language in *Prior*—i.e., "[A] trial court has jurisdiction to revoke ... probation ... after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, *followed by* due diligence to apprehend the probationer and to hear and determine the allegations in the motion"—is to attach great significance to the words "followed by." *See Prior,* 795 S.W.2d at 184 (emphasis added). In other words, a court has *jurisdiction* to revoke probation after the probationary period expires if (1) a motion to revoke is filed before the term of probation expires and (2) a *capias* or warrant is issued prior to the expiration of the probationary period. Once these jurisdictional requirements have been established, they must be *followed by* proof from the state by a preponderance of the evidence that: (1) the defendant violated a term or condition of his probation; and, if due diligence is raised at the revocation hearing then, (2) due diligence was exercised to apprehend the defendant and (3) due dil-

igence was exercised to hear the motion to revoke. *See Shaw v. State,* 622 S.W.2d 862, 863 (Tex.Crim.App. [Panel Op.] 1981) (holding that the standard of proof in revocation proceedings is a preponderance of the evidence).

At the hearing on the motion to revoke, Appellant's counsel stated:

Number one, we are maintaining this Court has no jurisdiction to hear this Motion to Revoke Probation because even though the Motion to Revoke was filed prior to the expiration of the probationary period, the capias issued upon the Motion to Revoke Probation was not served within the period of probation, and according to the file at least *there's been no showing of any diligence in attempting to serve that capias* after probation expired.

(Emphasis added). Appellant did not complain about a lack of due diligence in holding the revocation hearing. However, because he complained about the lack of due diligence in arresting him, the State had the burden of proving due diligence to apprehend him. *See Langston,* 800 S.W.2d at 555.

The record clearly reflects that Appellant was given permission to serve his probation in Utah. In 1984 and 1985, the probation department sent several letters to his Utah address informing him that his fines and probation fees were delinquent. It received signed "return receipts." Yet, the State never attempted to explain why the Robertson County Sheriff's Department received the *capias* on June 11, 1985, but did not act on it until March 14, 1989—almost four years later—and then waited an additional year before acting again. Accordingly, we hold that the State failed to show by a preponderance of the evidence that it used due diligence to apprehend Appellant.

■ This was a failure of proof on the merits and not jurisdictional. Thus, the trial court should have *denied* the motion to revoke. We note that in *Langston* the Court of Criminal Appeals stated the trial court should *dismiss* a motion to revoke if due diligence were raised but not proven.

*See Langston*, 800 S.W.2d at 555. However, dismissing the motion is consistent with treating due diligence as a jurisdictional element rather than a failure of proof on the merits. Accordingly, we sustain the first point, reverse the judgment, and render judgment denying the motion to revoke.

■ Appellant's second point is that he was denied an effective appeal after his initial theft conviction because the court refused to appoint an attorney for him. Although he retained an attorney at trial, he claims that he was indigent after the trial and entitled to appointed counsel on appeal. Generally, collateral attacks on the original conviction are not permitted when appealing from the revocation of probation. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990). However, to require a separate *habeas corpus* proceeding to attack the theft conviction on the ground that Appellant was denied an effective appeal would be useless. *See Ramirez v. State*, 486 S.W.2d 373, 374 (Tex.Crim. App.1972).

At the revocation hearing Appellant testified that after his theft conviction he orally requested an appeal. The judgment in the original cause contains the following paragraph:

AND, thereupon, the Court informed [Appellant] that he had a right to appeal his conviction herein to the Court of Appeals for the State of Texas at this time if he wished to do so, and if he qualified as indigent and wanted an attorney appointed to represent him on appeal, one would be appointed, ~~and [Appellant] said then and there in open Court, in person, that he did not wish to appeal the same, and would waive his ten day waiting period and his right to file a Motion for New Trial and Notice of Appeal of the conviction herein~~ and receive his sentence this date.

The language stricken through seems to indicate that the court was at least aware that Appellant did not intend to waive his right to appeal.

On September 10, 1984, eighteen days after his conviction, Appellant filed in the trial court a pro se "Motion to Appeal." The motion, which was essentially an untimely notice of appeal, was never forwarded to this court. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex. Gen.Laws 814, *repealed by*, Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex.Gen.Laws 2472–73 (current version at TEX.R.APP.P. 40(b)(1)). Because Appellant's notice of appeal was untimely, we never acquired jurisdiction over the attempted appeal from his theft conviction. *See Shute v. State*, 744 S.W.2d 96 (Tex. Crim.App.1988); TEX.R.APP.P. 40(b)(1). On October 9 Appellant also filed in the trial court a pro se "Motion to Extend Appeal." The trial court set a hearing on the motion to extend the appeal, but apparently no hearing was ever held. Appellant testified at the revocation hearing that, although he retained counsel at trial, he had been unemployed for seven months while in jail. But, approximately one week after being placed on probation, he was working as a truck driver and making over $1500 a month. He also claims that he sent the court reporter $500 for the record, that the money was returned, and that he was informed the court reporter had died.

Based on the record as a whole, Appellant failed to prove by a preponderance of the evidence that he was indigent and entitled to counsel on appeal. *See Ex parte Rains*, 555 S.W.2d 478, 481 (Tex.Crim.App. 1977) (holding that when seeking *habeas corpus* relief on the ground that he was indigent and denied assistance on appeal, a petitioner has the burden of showing indigency by a preponderance of the evidence). Furthermore, Appellant sought and was granted permission to serve his probation in Utah and, for a period of seven years, took no additional steps to appeal his theft conviction until his probation was revoked. Point two is overruled.

The judgment is reversed and we render judgment denying the State's motion to revoke Appellant's probation.