**Thomas Edward PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–91–101–CR.**

Court of Appeals of Texas,
Waco.

June 17, 1992.

Frank B. McGregor, McGregor & McGregor, Hillsboro, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

On November 17, 1987, Thomas Parker pled guilty to burglary of a vehicle. The court deferred adjudication of his guilt but placed him on probation for three years. The State filed an application to proceed to final adjudication of his guilt on October 30, 1990, and amended the motion on March 19, 1991. Parker complains about the adjudication of his guilt. We affirm.

In the application to proceed to final adjudication, the State alleged that Parker: (1) "was convicted of aggravated sexual assault of Betty Berman" on March 15, 1991; (2) "was convicted of aggravated kidnapping of Betty Berman" on March 15, 1991; and (3) "gave a written statement ... stat[ing that] he consumed beer on the night of October 1, 1990." Parker's first point is that the application failed to allege violations of the conditions of probation—i.e., the convictions were not final because they were pending on appeal. Therefore, he argues, it did not give fair notice of the conduct or acts the State intended to offer as evidence to prove a violation of the conditions of probation. Parker contends the correct allegations would have been that he *committed* the aggravated sexual assault and kidnapping and that he *consumed* beer.

██ Because Parker did not move to quash the application to proceed to adjudication of guilt, he waived any error concerning a lack of fair notice. *See Gordon v. State*, 575 S.W.2d 529, 531 (Tex.Crim. App. [Panel Op.] 1978). We overrule point one.

The State filed the application to proceed to final adjudication during Parker's probationary term. It then amended the application after the probationary period expired. Parker alleges in point two that the court did not have jurisdiction to adjudicate his guilt after his probationary period expired. He also complains that the hearing on the application, held on May 2, 1991, was needlessly delayed.

██ A court has jurisdiction to revoke deferred-adjudication probation after the probationary period has expired if "both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion." *Prior v. State*, 795 S.W.2d 179, 184 (Tex.Crim.

App.1990); *Burch v. State*, 821 S.W.2d 385, 386–88 (Tex.App.—Waco 1991, no pet.). In *Burch,* we noted that:

a court has *jurisdiction* to revoke probation after the probationary period expires if (1) a motion to revoke is filed before the term of probation expires and (2) a *capias* or warrant is issued prior to the expiration of the probationary period. Once these jurisdictional requirements have been established, they must be *followed by* proof from the state by a preponderance of the evidence that: (1) the defendant violated a term or condition of his probation; and, if due diligence is raised at the revocation hearing then, (2) due diligence was exercised to apprehend the defendant and (3) due diligence was exercised to hear the motion to revoke. *See Shaw v. State,* 622 S.W.2d 862, 863 (Tex.Crim.App. [Panel Op.] 1981) (holding that the standard of proof in revocation proceedings is a preponderance of the evidence).

*Id.* at 387.

■ The State filed the application to finally adjudicate Parker's guilt before his probationary term expired, and a capias was also issued before it expired. Accordingly, the court acquired jurisdiction to adjudicate his guilt. The pivotal question is: What was the effect, if any, of the amended application filed after the probationary term?

The amended application did not add to the original application; it simply reworded the alleged violations of the terms of probation—i.e., it noted Parker's *convictions* rather than detailing the alleged crimes. An amended pleading supersedes, or takes the place of, the prior pleading. *Gage v. Langford,* 615 S.W.2d 934, 940 (Tex.Civ. App.—Eastland 1981, writ ref'd n.r.e.). Furthermore, it relates back to the time the original pleading was filed. *City of Houston v. Glover,* 355 S.W.2d 757, 760 (Tex. Civ.App.—Waco 1962, writ ref'd n.r.e.). We therefore hold that the amended application filed after the probationary period expired did not deprive the court of jurisdiction to adjudicate Parker's guilt.

Parker's complaint about a lack of diligence in hearing the application is waived because it was not raised at trial. *See* TEX.R.APP.P. 52(a); *Burch,* 821 S.W.2d at 387. Point two is overruled.

■ Article 21.22 of the Code of Criminal Procedure provides: "No information shall be presented until [an] affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information." TEX.CODE CRIM.PROC.ANN. art. 21.22 (Vernon 1989). "The affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense." *Id.* at art. 15.04 (Vernon 1977). In point three, Parker argues that the information filed on his underlying burglary offense was void because it was not accompanied by an affidavit. Thus, he contends that the court erred when it adjudicated his guilt and sentenced him under the "void information."

Parker was charged with burglary of a vehicle, a third-degree felony. *See* TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). He signed a waiver of indictment "announc[ing] his election and consent to be tried by information." *See* TEX.CODE CRIM. PROC.ANN. art. 1.141 (Vernon 1977). The Court of Criminal Appeals has determined that article 1.141 controls over article 21.-22—i.e., "[W]hen an accused waives the right to be tried upon an indictment and elects to be tried upon an information, no complaint is required." *Chapple v. State,* 521 S.W.2d 280, 282 (Tex.Crim.App.1975). Accordingly, because Parker waived his right to be tried under an indictment, the information filed in his cause did not have to be accompanied by a complaint. *See id.* We overrule point three.

Finally, point four is that the judgment, sentence, and commitment order in this case are incomplete and inaccurate. We abated the appeal and instructed the court to enter the correct judgment, sentence, and commitment order and to forward those instruments to this court in a supplemental transcript. *See* TEX.R.APP.P. 81(a). The supplemental transcript contains a corrected judgment, sentence, and commit-

ment order, and we shall proceed as if no such errors had occurred. *See id.* Accordingly, point four is overruled and the judgment is affirmed.