IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-463-CR





CARLOS R. McHAZLETT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,



NO. 265,092, HONORABLE STEVE RUSSELL, JUDGE 



 




 This is an appeal from an order revoking probation. On September 12, 1986,
appellant waived trial by jury and entered a plea of nolo contendere to the information and
complaint charging him with driving while intoxicated. The trial court assessed appellant's
punishment at confinement for sixty days in the county jail and a fine of one thousand dollars. 
The imposition of the sentence was suspended and the appellant was placed on probation for a
term of two years subject to certain probationary conditions.

 On November 18, 1987, the State filed a motion to revoke probation alleging that
appellant had failed to report to his probation officer as directed, had failed to work faithfully at
suitable employment, had failed to complete eighty hours of community service, had failed to pay
court costs and fine, had failed to reimburse Travis County for the appointed counsel fee, and had
failed to pay his probation fee, all in violation of his probationary conditions. A capias issued for
appellant's arrest on December 2, 1987. The revocation motion was filed and the capias issued
within the two-year probationary period. The capias was executed on April 7, 1991, in San
Antonio, Bexar County, Texas.

 On July 12, 1991, the trial court conducted a hearing on the motion to revoke
probation at which time the appellant entered a plea of "true." The trial court revoked probation
and imposed sentence. The motion for new trial was overruled by operation of law.

 In his sole point of error, appellant contends that he "received ineffective assistance
of counsel at the time the motion to revoke probation was presented for hearing." A defendant
in a Texas criminal case is entitled to reasonably effective assistance of counsel. Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940, (1987). In
Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court held that in
order to show ineffective assistance of counsel, a convicted defendant must (1) show that his trial
counsel's performance was deficient, in that counsel made such serious errors he was not
functioning effectively as counsel; and (2) show that the deficient performance prejudiced the
defense to such a degree that the defendant was deprived of a fair trial. In this connection, a
strong presumption exists that counsel rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment. Id. at 689. "Prejudice," however,
is demonstrated when the convicted defendant shows "a reasonable probability that but for
counsel's unprofessional errors, the results of the proceedings would have been different." Id.
at 694. A reasonable probability is a probability sufficient to undermine the confidence in the
outcome. Id.; Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Crim. App. 1987).

 The Strickland standard has been adopted in Texas for resolving allegations of
ineffective assistance of counsel under both the federal and state constitutions. Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); see also Washington v. State, 771 S.W.2d
537, 545 (Tex. Crim. App.), cert. denied, 492 U.S. 912 (1989); Holland v. State, 761 S.W.2d
307, 314 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 1091 (1989). Whether the Strickland
standard has been met is to be judged by the "totality of the representation" rather than by isolated
acts or omissions of the trial counsel, and the test is applied at the time of the trial, not through
hindsight. Wilkerson, 726 S.W.2d at 548; see also Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.
Crim. App. 1990). The burden of proving ineffective assistance of counsel by a preponderance
of the evidence rests upon the convicted defendant. Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985). Allegations of ineffective assistance will be sustained only if they are firmly
founded. Smith v. State, 676 S.W.2d 379, 385 (Tex. Crim. App. 1984), cert. denied, 471 U.S.
1061 (1985). The fact that another attorney might have pursued a different course of action at
trial will not support a finding of ineffectiveness. Walston v. State, 697 S.W.2d 517, 519 (Tex.
App.--San Antonio 1985, pet. ref'd). The particular facts and circumstances of each case must be
considered in any claim of ineffective assistance. Johnson v. State, 691 S.W.2d 619, 626 (Tex.
Crim. App. 1984), cert. denied, 474 U.S. 865 (1985). The Strickland standard has never been
interpreted to mean that the accused is entitled to errorless or perfect counsel. Bridge v. State,
726 S.W.2d 558, 571 (Tex. Crim. App. 1986); see generally, Banks v. State, 819 S.W.2d 676,
681 (Tex. App.--San Antonio 1991, pet. ref'd).

 With this background, we now consider appellant's claim of ineffective assistance
of counsel. A trial court is entitled to hold a hearing on the motion to revoke probation, even
after the defendant's term of probation has expired, as long as the revocation motion was filed and
a capias or arrest warrant issued before the expiration of the probationary term. Lack of due
diligence in attempting to apprehend the probationer and to hear and determine the allegations in
the revocation motion is not an affirmative defense that a probationer is required to prove by a
preponderance of the evidence. Once the defendant-probationer has properly raised and developed
the issue of a lack of due diligence, the burden shifts to the State to produce evidence that it made
a diligent effort to apprehend the defendant and to have a revocation hearing. See Rodriguez v.
State, 804 S.W.2d 516 (Tex. Crim. App. 1991); Langston v. State, 800 S.W.2d 553 (Tex. Crim.
App. 1990); Burch v. State, 821 S.W.2d 385 (Tex. App.--Waco 1991, no pet.); Hunter v. State,
820 S.W.2d 5 (Tex. App.--Austin 1991 no pet.). In each of the four cases cited, the defendant
timely raised the issue of due diligence on the part of the state in apprehending the defendant or
in holding the revocation hearing or both.

 In the instant case, the trial court clearly had jurisdiction to conduct the revocation
hearing even though appellant's probationary term had expired. The revocation motion had been
filed and the capias issued before the expiration of the probationary term. Rodriguez, 804 S.W.2d
at 517; Burch, 821 S.W.2d at 387.

 It is appellant's contention that his trial counsel was ineffective because he did not
timely raise the issue of lack of due diligence on the part of the State. (1) In two such contentions,
appellant urges that his trial counsel's failure to raise the issue and the failure to have a court
reporter present to take shorthand notes of the revocation proceedings prevented him from
presenting error on appeal. (2)

 The record shows that appellant entered a plea of "true" to the allegations in the
revocation motion. Such a plea is alone sufficient to support a revocation order even if there is
only one probationary violation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979);
Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.--Corpus Christi 1985, no pet.). The formal
printed order of revocation reflects that evidence was heard at the revocation hearing. There is,
however, no statement of facts in the record. The burden is on the appellant to see that a
sufficient record is presented to show error requiring reversal. Tex. R. App. P. 50(d). The
appellant has filed an instrument entitled "Certificate of No Statement of Facts" to which is
attached an affidavit of the official court reporter of the trial court that he was not in attendance
at the revocation hearing and was not requested to take shorthand notes of the evidence offered. 
Cf. Tex. R. App. P. 11, 53(m).

 As is often the case when ineffective assistance of counsel is asserted on direct
appeal, we cannot say from the face of the record that counsel's performance was deficient. See
Hernandez, 726 S.W.2d at 57; Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)
(Benavides, J. dissenting). We cannot tell whether appellant's trial counsel raised the issue of due
diligence on the part of the State or not. When the record is silent, we cannot assume that the trial
counsel made no investigation of the State's diligence in apprehending appellant and pursuing a
revocation hearing. See Hernandez, 726 S.W.2d at 57. Counsel may well have had no basis for
raising the issue. Counsel is not required to file futile motions or raise futile issues in order to
avoid a claim of ineffective assistance of counsel. Mooney v. State, 817 S.W.2d 693, 698 (Tex.
Crim. App. 1991).


 Counsel's competence is presumed and a defendant must rebut this presumption by
proving that his attorney's representation was unreasonable under prevailing
professional norms and that the challenged action was not sound strategy. 
Kimmelman v. Morrison, 477 U.S. 365, 384, 106 S.Ct. 2574, 2588, 91 L.Ed.2d
305, 325 (1986). A fair assessment of attorney performance requires that every
effort be made to eliminate the distorting effects of hindsight, to reconstruct the
circumstances of counsel's challenged conduct, and to evaluate the conduct from
counsel's perspective at the time. Because of the difficulties inherent in making
such evaluation we must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance i.e., the defendant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S.Ct.
at 2065.



Mimiel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

 Appellant has not rebutted the presumption of his trial counsel's competence. 
Moreover, appellant has failed to prove that but for errors by his trial counsel the result of the
revocation hearing would have been different. See Solis v. State, 792 S.W.2d 95, 98-99 (Tex.
Crim. App. 1990). Appellant has not met the two-prong test of Strickland. Appellant is free,
however, to pursue his ineffectiveness claim by collateral attack where the facts surrounding trial
counsel's representation may be developed at a hearing. Appellant's point of error is overruled. 


 The order of revocation and the judgment of conviction is affirmed.


 John F. Onion, Jr., Justice


[Before Justices Powers, Kidd and Onion*]

Affirmed

Filed: October 28, 1992

[Do Not Publish]





































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Actually, appellant claims his trial counsel failed to raise an "obvious defense," relying upon
Hardman v. State, 614 S.W.2d 123 (Tex. Crim. App. 1981). In Rodriguez, 804 S.W.2d at
518-19, the Court of Criminal Appeals clarified Hardman and noted it had never held that lack
of due diligence was an affirmative defense which the defendant must prove by a preponderance
of the evidence. The matter is one of burden shifting which requires the State to come forward
with evidence of diligence once the defendant has raised and developed the issue at a revocation
of probation hearing.
2.   These subcontentions are not briefed in accordance with Tex. R. App. P. 74(f) and present
nothing for review.