William Espinoza PEÑA, aka William Peña, aka Guillermo Peña, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–488–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1993.

Discretionary Review Refused March 16, 1994.

Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before SEERDEN, C.J., and YANEZ and DORSEY, JJ.

## OPINION

YANEZ, Justice.

A jury convicted appellant of burglary of a habitation. Due to enhancement, the court assessed punishment at thirty-five years in prison. By four points of error, appellant complains of insufficient evidence to support enhancement and error in the introduction of extraneous offenses and of a pen packet. We affirm.

On the day of the alleged offense, Paula Guerrero attended a funeral in Mexico, leaving her residence in Hidalgo County unattended. A passing neighbor, Mr. Mendoza, saw a strange car parked by the front door of Guerrero's house. The car was a blue, late-model, two-door Chevrolet, license plate number 180 LZV. A man wearing glasses and a cap exited the house carrying a television set which he placed in the car. Mendoza described the man as about 5' 7–8" in height with light brown hair protruding from under his cap. He called to the man, but instead of stopping, the man got into his car and drove off. Mendoza followed in his car and was joined by a friend, whose car almost collided with the fleeing vehicle. In their separate vehicles, the two neighbors chased the man for some distance at high speed. During the chase, the man began throwing items out of the car, including the television. The man eventually left his car, which the police later recovered.

The police found the abandoned vehicle locked, windows rolled up, and undamaged. It belonged to Sandra Peña, appellant's wife. When contacted, she claimed that the car had been stolen, but she had not yet reported it. The car showed no evidence of tampering, the windows and steering column were intact, and the doors locked. Ms. Guerrero testified that her television, microwave, and some jewelry were taken.

By point one, appellant claims that the court erred in allowing evidence of an extraneous offense. Over objection, the trial judge allowed David Madson to testify about the burglary of his grandparents' house between Mission and McAllen, Texas. After receiving a call, Madson drove to the house and found a blue and white late-model Chevy Impala parked in the driveway close to the garage. The license plate number was 180 LZV. As Madson exited his vehicle, a man stepped out the front door. When Madson asked him what he was doing, the man said

he was just looking for someone, walked quickly to his car, and drove off at high speed. Madson did not pursue the man, but rather, entered the house where he found that the large console television set had been moved. A small television had been taken in addition to some jewelry. The car was identified as the same one involved in the burglary of Ms. Guerrero's house, and Madson positively identified appellant as the man who burglarized his grandparents' house. The State offered the evidence for purposes of identity, and the court admitted it, finding that the use of the same automobile was a "signature" of the perpetrator's method of operation. Appellant claims there is not a close enough similarity between the two burglaries for the extraneous offense to be admissible.

■ Evidence of other crimes, wrongs, or offenses is not admissible to prove the defendant's propensity to commit crime and that the defendant acted in conformity therewith on the instant occasion. TEX.R.CRIM.EVID. 404(b); *Montgomery v. State,* 810 S.W.2d 372, 386–87 (Tex.Crim.App.1992). However, extraneous offense evidence may be admissible for some other purpose, such as to show motive, intent, opportunity, or identity. TEX. R.CRIM.EVID. 404(b); *Montgomery,* 810 S.W.2d at 387. The identity of the perpetrator was at issue in this case. The State offered the evidence of the Madson burglary to prove identity based upon a similar *modus operandi.* Thus, the evidence was relevant and could be admitted, provided a sufficiently distinctive common characteristic between the extraneous offense and the charged offense earmarked both as the accused's handiwork. *Owens v. State,* 827 S.W.2d 911, 914–15 (Tex.Crim.App.1992). When an extraneous offense is offered to prove identity, the common characteristics or the device used in each offense must be so unusual and distinctive as to be like a "signature." *Collozo v. State,* 623 S.W.2d 647, 648 (Tex.Crim.App. 1981). Signature features must consist of more than mere repeated commissions of the same class of crimes such as burglaries or robberies. *Owens,* 827 S.W.2d at 915. The issue here is whether the Madson burglary, and specifically, the use of the same car, is sufficiently similar to the charged offense to

justify its admission. The determination is made on a case by case basis. *Id.*

The Madson burglary, like this one, took place during the day, in a rural area rather than within city limits. In each instance, the burglar parked close to the front of the houses of elderly individuals, entered through a window at the back of the house, and stole televisions and jewelry. He left the house through the front door, did not ransack the house, and used the same car to drive away. The car belonged to appellant's wife. Though the use of a car as an aid in committing crime is not particularly distinctive, in this instance, the repeated use of the *same* vehicle in crimes so similar is a sufficient "signature" characteristic to justify the admission of the Madson burglary to show identity. The State's need for the evidence was great, as there was no direct evidence of identity. See *Montgomery,* 810 S.W.2d at 392. The court found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. This ruling falls within the "zone of reasonable disagreement" prescribed for appellate review by *Montgomery. Montgomery,* 810 S.W.2d at 391. The trial court did not abuse its discretion in admitting the extraneous offense. Point one is overruled.

■ By point two, appellant claims that the court erred in failing to exclude the same extraneous offense evidence at the punishment phase. The trial court assessed appellant's punishment. At the beginning of the punishment phase, the State re-offered all of the evidence adduced during guilt-innocence. Appellant re-urged all of his trial objections, and the court overruled them. Appellant claims this ruling was erroneous. In rebuttal, the State first contends that appellant has not preserved his complaint because his original objection was too general. At the guilt-innocence phase, defense counsel objected to Madson's testimony on grounds that it was evidence of an extraneous offense and therefore not admissible under rules 404(b) and 403. *See* TEX.R.CRIM.EVID. 403; 404(b). At punishment, when the State re-offered all of the evidence adduced at the guilt-innocence phase, appellant merely re-

urged all of his trial objections. We believe that the objection was sufficient to call the trial court's attention to the complained-of error. TEX.R.APP.P. 52(a). However, even though appellant preserved the issue for review, we find no error. The fact finder is entitled to consider at punishment all of the evidence before it from the guilt-innocence phase. *See Wright v. State*, 468 S.W.2d 422, 424–25 (Tex.Crim.App.1971); *Montgomery v. State*, 821 S.W.2d 314, 327 (Tex.App.—Dallas 1991, pet. ref'd); *Yohey v. State*, 801 S.W.2d 232, 242 (Tex.App.—San Antonio 1990, pet. ref'd). Point two is overruled.

By points three and four, appellant challenges the State's proof of enhancement. Along with the charged offense, the State alleged two enhancement paragraphs. The first was the Madson offense, in Hidalgo County, evidenced by a judgment dated March 31, 1989. The second was a Bexar County offense, cause number 85CR20000W, evidenced by a July 1, 1985 judgment. Appellant argues that the Bexar County conviction evidenced by the second pen packet is invalid because it does not contain a valid charging instrument, and the evidence is therefore insufficient to prove the second enhancement paragraph. The information filed in cause number 85CR20000W states that the charge was made upon facts revealed by an attached affidavit. No accompanying affidavit appears in the pen packet, and defense counsel argued that none appears in the Bexar County file. The packet also contains a "waiver of indictment" and plea bargain. Insofar as appellant claims that the proof is invalid because the pen packet lacks a charging instrument, we disagree with appellant's argument. The State need not include the charging instrument in the pen packet. *See Johnson v. State*, 725 S.W.2d 245, 246–47 (Tex.Crim.App.1987); *see also Smith v. State*, 683 S.W.2d 393, 406–07 (Tex.Crim.App.1984); *Acosta v. State*, 650 S.W.2d 827, 828–29 (Tex.Crim.App.1983); *Stapleton v. State*, 671 S.W.2d 724, 726 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Moreover, introduction of a pen packet containing the prior judgment and sentence, along with evidence connecting them to the defendant, is prima facie proof of the prior conviction. *Johnson*, 725 S.W.2d at 246.

The remaining issue presented is whether appellant met his burden of proof to show that the prior conviction is invalid due to the absence of the affidavit. *See Johnson*, 725 S.W.2d at 246–47 (defendant has the burden to affirmatively show defect once State has made prima facie proof of prior conviction by introduction of judgment and sentence and their connection to defendant). Ordinarily, the information must be supported by an affidavit, made by some credible person charging the defendant with an offense, and the affidavit must be filed with the information. *See* TEX.CODE CRIM.PROC. ANN. art. 21.22 (Vernon 1989). An affidavit made before a magistrate or district or county attorney is called a "complaint" if it charges the commission of an offense. TEX. CODE CRIM.PROC.ANN. art. 15.04 (Vernon 1977); *Parker v. State*, 832 S.W.2d 188, 190 (Tex.App.—Waco 1992, no pet.). Appellant waived indictment and consented to proceed on an information. *See* TEX.CODE CRIM.PROC. ANN. art. 1.141 (Vernon 1977). In such cases, no complaint need accompany the information in order for it to be valid. *See Ex Parte Hyett*, 610 S.W.2d 787, 788 (Tex.Crim.App. 1981); *Few v. State*, 588 S.W.2d 578, 580–81 (Tex.Crim.App.1979); *Washington v. State*, 531 S.W.2d 632, 632 (Tex.Crim.App.1976); *Chapple v. State*, 521 S.W.2d 280, 282 (Tex. Crim.App.1975); *Parker*, 832 S.W.2d at 190. We hold that the absence of an accompanying affidavit does not render the prior conviction invalid because appellant waived indictment under article 1.141. Moreover, we reject appellant's argument that the information's internal reference to the affidavit requires the attachment of the affidavit. Appellant has not met his burden of proof in demonstrating the invalidity of the prior conviction. The pen packet introduced and the fingerprint expert's testimony linking appellant to the conviction constitute sufficient evidence to uphold the prior conviction and the enhancement finding predicated thereon. *See Johnson*, 725 S.W.2d at 246–47. Points three and four are overruled.

The trial court's judgment is AFFIRMED.