**Abner Haynes LISTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–97–00112–CR.**

Court of Appeals of Texas,
Tyler.

Dec. 23, 1997.

Rehearing Overruled April 2, 1998.

David P. Brown, Henderson, for appellant.

Kyle Freeman, Henderson, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Abner Haynes Lister ("Appellant") appeals an order revoking his probation. In his only point of error, Appellant contends that the trial court erred when it overruled his motion for new trial and refused to require the State to show that it exercised due diligence in arresting him. We will **affirm.**

Appellant was originally indicted for the offense of forgery, a third degree felony, to which Appellant entered a plea of guilty. Following a plea bargain agreement, the trial court assessed punishment at three years' imprisonment, which was probated for a period of three years. Prior to the termination of the probationary period, the State, alleging several violations, filed a motion to revoke the probation. A capias was issued and Appellant was arrested four years later, which was two years after his probationary period ended. After a hearing, the trial court granted the State's motion to revoke and sentenced Appellant to three years in prison. Appellant filed a motion for new trial alleging that the State failed to use due diligence in securing his arrest. Appellant, whose testimony was somewhat contradictory, was the only witness to testify in regards to this issue.

Although Appellant complains of the trial court's denial of his motion for new trial, the true topic of concern, from the standpoint of this appeal, is whether or not a party can preserve the issue of "due diligence" by raising it for the first time in a motion for new trial. In the instant case, Appellant did not raise the issue of due diligence prior to or during the revocation hearing. The Court of Criminal Appeals has held that the State has the burden of showing due diligence *only* after the defendant raises the issue at the revocation hearing. *Langston v. State*, 800 S.W.2d 553, 555 (Tex.Cr.App. 1990); *Parker v. State*, 832 S.W.2d 188, 190 (Tex.App.—Waco 1992, no pet.); *Burch v. State*, 821 S.W.2d 385, 386 (Tex.App.—Waco 1991, no pet.). And the issue of due diligence cannot be raised for the first time on appeal. *Hardman v. State*, 614 S.W.2d 123, 127 (Tex.Cr.App.1981)(error not preserved when Appellant failed to raise the issue before or during the revocation hearing); *see also Prior v. State*, 795 S.W.2d 179, 185 (Tex.Cr.App. 1990). Furthermore, appellate review of a probation revocation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.) *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); *Burke v. State*, 930 S.W.2d 230, 233 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). And because a revocation of probation hearing is a proceeding tried before the court and not a jury, the trial court is not required to consider a motion for new trial. *Glaze v. State*, 675 S.W.2d 768, 769 (Tex.Cr.App. 1984); *Kinnard v. State*, 767 S.W.2d 916, 917 (Tex.App.—Fort Worth 1989, pet ref'd).

We conclude that because a trial court is not required to consider a motion for new trial in a probation revocation, and due diligence cannot be raised for the first time on appeal, the alleged error of lack of due diligence by the State in securing the arrest of Appellant cannot be preserved for review by filing a motion for new trial. This is not to say that a trial court is without authority to consider such a motion and to grant the same if it deems such action to be proper. *Ausborne v. State*, 499 S.W.2d 179, 180 (Tex. Cr.App.1973); *Gipson v. State*, 669 S.W.2d

351, 352 (Tex.App.—Fort Worth 1984, no pet.).

We hold that the trial court did not abuse its discretion in denying Appellant's motion for new trial and, therefore, overrule Appellant's point of error.

The judgment of the trial court is *affirmed.*