IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40087
Conference Calendar

_____

CRUZ POLANCO, III,

                                        Plaintiff-Appellant,

versus

TOM MANESS, Criminal District Attorney of Jefferson County
Texas; RODNEY D. CONERLY, Assistant Criminal District
Attorney; EDWARD SHETTLE, Assistant Criminal District
Attorney; WAYLON G. THOMPSON, Assistant Criminal District
Attorney; JULIE JOL, Assistant State Attorney General; GARY
L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; LEONARD GIBLIN, Judge of 252nd
District Court of Jefferson County Texas; JEWEL LYDES,
Deputy Clerk of US District Court Beaumont Texas; EARL S.
HINES, US Magistrate Judge Beaumont Division; THAD
HEARTFIELD, US District Judge Beaumont Division,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-99
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Cruz Polanco, III (Polanco), Texas prisoner #696407, appeals

the district court's dismissal of his civil rights action as

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Polanco's only basis for his Equal Protection claim is that certain indictments were not supported by criminal complaints. Texas law does not require that an indictment be supported by a complaint. See Chapple v. State, 521 S.W.2d 280, 281-82 (Tex. Crim. App. 1975). Even it did, Polanco's conclusory allegations of racial discrimination do not raise a cognizable Equal Protection claim. See Johnson v. Rodriquez, 110 F.3d 299, 306 (5th Cir. 1997); Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992); Cunningham v. Beavers, 858 F.2d 269, 272 (5th Cir. 1988).

Polanco's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Polanco that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

**DISMISSED AS FRIVOLOUS; WARNING ISSUED.**