IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00352-CV

 

Patrick Lee Mullins,

                                                                      Appellant

 v.

 

Hector Ortiz and Estelle 

High Security,

                                                                      Appellees

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23451

 



ORDER










 

          Patrick Mullins, a prison inmate,
filed in the trial court an affidavit of indigence with his timely filed notice
of appeal.  Tex. R. App. P.
20.1(c)(1).  The affidavit of indigence was not contested.  Id. at (e). 
His indigent status is, therefore, recognized for the purpose of this appeal
only.  Id. at (f), (m).  

          Mullins’ motion filed on January 3,
2007 in response to our request for payment of the filing fee is dismissed as
moot.

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Indigent
status recognized

Motion
dismissed as moot

Order
issued and filed January 17, 2007

Do
not publish






the evidence supporting the
revocation of his probation. We will reverse and render.
      On March 25, 1985, West pleaded guilty to burglary of a vehicle and was placed on probation
for two years. See Tex. Penal Code Ann. § 30.04 (Vernon 1989). On December 3, 1986, the
State filed a motion to revoke his probation, alleging he had failed to report to his probation officer
for three months and had fallen $165 behind on his probation-fee payments. Although the court
ordered a capias for his arrest issued on that day, the capias was not executed until December 1,
1993, almost seven years later. Finally, on January 17, 1994, a hearing was held on the State's
motion. The court found that the allegations were true, revoked West's probation, and sentenced
him to two years' imprisonment. 
      In his first point of error, West argues that the court was not authorized to revoke his
probation because the State failed to show due diligence in apprehending him. The State does not
contend that it showed the required diligence; instead, the State argues that West failed to raise
the issue properly and, so, cannot complain on appeal about lack of diligence.
      We discussed the requirements of a motion to revoke heard after the end of the probationary
period in Burch v. State, 821 S.W.2d 385, 387 (Tex. App.—Waco 1991, no pet.):
[A] court has jurisdiction to revoke probation after the probationary period expires if (1)
a motion to revoke is filed before the term of probation expires and (2) a capias or
warrant is issued prior to the expiration of the probationary period. Once these
jurisdictional requirements have been established, they must be followed by proof from
the state by a preponderance of the evidence that: (1) the defendant violated a term or
condition of his probation; and, if due diligence is raised at the revocation hearing then,
(2) due diligence was exercised to apprehend the defendant and (3) due diligence was
exercised to hear the motion to revoke.
Id.; see also Harris v. State, 843 S.W.2d 34, 35 & n.1 (Tex. Crim. App. 1992). Also, we have
held that failure to raise the issue of lack of diligence at trial waives the complaint. See Parker
v. State, 832 S.W.2d 188, 190 (Tex. App.—Waco 1992, no pet.). 
      The State now claims that West was required to raise this argument in a motion to dismiss the
application for revocation. We disagree. Dismissal of the application would follow a finding of
want of jurisdiction. See Burch, 821 S.W.2d at 386. However, the requirement of diligence is
not jurisdictional. Id. at 387; Harris, 843 S.W.2d at 35 & n.1. To vest jurisdiction in the court,
the state must file the motion and ensure that the capias is issued prior to the end of the
probationary period. Id. "After satisfying these two requisites and apprehending the probationer,
the State is entitled to a hearing on its motion to revoke probation." Harris, 843 S.W.2d at 35
(emphasis added). Thus, the proper request by the defendant is a request to deny the motion to
revoke based on a lack of due diligence. See Burch, 821 S.W.2d at 387-88. 
      At the hearing on the motion to revoke, West questioned each of the witness regarding the
State's efforts to apprehend him. He then argued:
Your Honor, . . . I believe case law indicates that any kind of motion pending for this
long, that it is the State's burden to show due diligence in attempting to bring a person
to court even on a motion to revoke. This in an extremely long period of time for the
motion to be outstanding with apparently no particular search on the part of the State to
bring in Mr. West or to find out why, you know, why this thing is outstanding, to find
out what his problems might have been, to in any way attempt to resolve this case at an
earlier time.
In response to this argument, the State replied:
Your Honor, further as to due diligence, we would submit that the defendant, of course,
had an obligation to being on felony probation to report, and would also submit that I
don't feel like there has been any showing that he has been around where he could have
been arrested.
      West raised the issue of the State's diligence by his questions of the witnesses and his
argument to the court. See Hunter v. State, 820 S.W.2d 5, 6 (Tex. App.—Austin 1991, no pet.). 
The State did not attempt to argue that it had shown due diligence in its efforts to apprehend West
or that it was surprised by his arguments. There is no evidence in the record reflecting what
efforts the State made to locate West after the capias was issued. We conclude that the State has
failed to carry the burden of showing due diligence after West raised the issue. Thus, we reverse
the order of the trial court and render judgment denying the State's motion to revoke. See Burch,
821 S.W.2d at 388. Because of our disposition of this point, we do not address the other
arguments West raises.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed July 20, 1994
Do not publish