ACCEPTED
12-15-00099-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/5/2015 4:25:15 PM
CATHY LUSK
CLERK

CAUSE NO. 12-15-00099-CR
IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS
AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/5/2015 4:25:15 PM
CATHY S. LUSK
Clerk

DARRIAN DEWAYNE JOHNSON, JR.,
Appellant
vs.
The State of Texas,
Appellee

On Appeal from Criminal Cause No. 18851
in the 2nd Judicial District Court of
Cherokee County, Texas

*ANDERS BRIEF*

**ORAL ARGUMENT IS NOT REQUESTED**

LAW OFFICE OF FORREST K. PHIFER
P.O. Box 829
Rusk, Texas 75785-0829
(903) 721-1842

/S/ Forrest K. Phifer
Forrest K. Phifer
SBN 15908570
Attorney for Appellant,
Court Appointed

## NO POINTS OF ERROR PRESENTED

1.    The undersigned finds no legally or factually non-frivolous grounds for appeal reasonably calculated to return a judgment of modification or reversal.

CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Justices of this Honorable Court may evaluate possible disqualification or recusal.

Darrian DeWayne Johnson, Jr . . . . . . . . . . . . . . . . . . . . . . . Appellant/Defendant

Jeff Clark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Trial Counsel for Appellant

Sten Langsjoen . . . . . . . . . . . . . . . . . . . . . . . . . . Court Appointed Trial Counsel
on Motion to Adjudicate for Appellant

Forrest K. Phifer . . . . . . . . . . . . . . . . . . . . . Court Appointed Appellate Counsel
for Appellant

The State of Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Prosecuting Party

Rachel Patton . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . District Attorney,
Cherokee County, Texas

Charles Breaux . . . . . . . . . . . . . . . . . . . . . . . . . . . Assistant District Attorney,
Cherokee County, Texas

Respectfully submitted,
Forrest K. Phifer

BY: /S/ Forrest K. Phifer
SBN 15908570
Attorney for Appellant on Appeal,
Court Appointed

# TABLE OF CONTENTS

NO POINTS OF ERROR PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

CERTIFICATE OF INTERESTED PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

OPINIONS BELOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

CONSTITUTIONAL PROVISIONS, Statutes and
    Code of Criminal Procedure Involved . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE

    I.      NATURE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . viii

    II.     SUMMARY OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xvi

ARGUMENT

    1.     The undersigned finds no legally or factually non-frivolous
          grounds for appeal reasonably calculated to return a
          judgment of modification or reversal . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TABLE OF AUTHORITIES

**CASES:**     <u>United States Supreme Court</u>

*Anders v California*, 3865 US 738(1967) . . . . . . . . . . . . . . . . . . xvii,8
*McCoy v Court of Appeals*, 486 US 429 (1988) . . . . . . . . . . . . . xvii,8
*Miranda v Arizona*, 384 US 436 (1966) . . . . . . . . . . . . . . . . . . . xvii,7
*Padilla v Kentucky*, 559 US 356 (2010) . . . . . . . . . . . . . . . . . . . xviii,8
*Strickland v Washington*, 466 US 668 (1984) . . . . . . . . . . xviii,xix,12

<u>Texas Court of Criminal Appeals</u>

*Butler v State*, 716 SW2d 48 (Tex Crim App 1986) . . . . . . . . . . xix,13
*Bynum v State*, 767 SW2d 769 (Tex Crim App 19989) . . . . . . . . xvii,1
*Chapple v State*, 521 SW2d 280 (Tex Crim App 1975) . . . . . . . . xvii,1
*Cole v State*, 578 SW2d 127 (Tex. Crim. App. 1979) . . . . . . . . xix,13
*Eastep v State*, 941 SW2d 130 (Tex Crim. App 1997) . . . . . . . . xvi,1
*Ex Parte Wellborn*, 785 SW2d 391 (Tex Crim. App. 1990) . . . . xvi,7
*Harryman v State*, 522 SW2d 512 (Tex Crim App 1975) . . . . . . xvii,7
*Hernandez v State*, 726 SW2d 53 (Tex Crim App 1986) . . . . . xviii,12
*Menefee v State*, 287 3rd 9 (Tex Crim App 2009) . . . . . . . . . . . . . xvi,7
*Neal v State*, 256 3rd 264 (Tex Crim App 2008) . . . . . . . . . . . . . . xvi,7
*Stafford v State*, 813 SW2d 503 (Tex Crim App 1991) . . . . . . . . xvi,7

**UNITED STATES CONSTITUTIONAL PROVISIONS:**

Amendment V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii
        VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii,13
        XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

**TEXAS CONSTITUTIONAL PROVISIONS:**

*Tex. Const. art. I,*   *§ 10* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *vii*
                *§ 19*
*Tex. Const. art. V, § 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *vii*
*Tex. Const. art. V, § 6* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *vii*
*Tex. Const. art. V, § 8* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *vii*

**TEXAS STATUTES:**

*Texas Code of Criminal Procedure* §1.04 . . . . . . . . . . . . . . . . . vii
§1.05 . . . . . . . . . . . . . . . vii
§1.15 . . . . . . . . . . . . . . . vii
§4.01 . . . . . . . . . . . . . . . vii
§4.03 . . . . . . . . . . . . . . . vii

*Texas Government Code* §22.201(m) . . . . . . . . . . . . vii
§22.213 . . . . . . . . . . . . . . *vii*

*Texas Health & Safety Code* § 481.102(3)(D) *vii,viii,ix,x,2,6*
§481.115(a) . . vii,viii,ix,x,2,6
(b) . . . . vii,viiiix,x,2,6

*Texas Penal Code* § 6.03(a) . . . . . . . . . . . . . vii,x
§ 12.04 . . . . . . . . . . . . . . vii,x
§ 12.35(a) . . . . . . . . . vii,viii,x
(b) . . . . . . . . . vii,viii,x

**TEXAS RULES OF APPELLATE PROCEDURE:**

*Texas Rules of Appellate Procedure* *Rule 21.8* . . . . . . . . . . . *vii,ix,xii*
*Rule 25.2(a)(2)* . . . . . . . . . *vii,x*
*Rule 26.2(a)* . . . . . . . . . . vii,x
*Rule 33.1(a)* . . . . . . . . vii,xvi,7
*Rule 35.2* . . . . . . . . . . vii,ix,x
*Rule 35.3 (b)* . . . . . . . . . . *vii,x*
*Rule 35.3 (c)* . . . . . . . . . . vii,x
*Rule 44.2(a)* . . . . . . . . vii,xvi

**DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:**

*Rule 3.01* . . . . . . . . . . . . . . . *1*

CAUSE NO. 12-15-00099-CR

IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS
AT TYLER

---

Darrian DeWayne Johnson, Jr.,
Appellant

vs.

The State of Texas,

Appellee

---

On Appeal from Criminal Cause No. 18851

in the 2nd Judicial District Court of

Cherokee County, Texas

---

*Anders Brief*

---

TO THE HONORABLE JUSTICES OF SAID COURT:

Forrest K. Phifer, Court Appointed Appellant Counsel for Appellant, Darrian

Dewayne Johnson, Jr., Defendant in Criminal Cause No. 18851, before the 2nd Judicial

District Court of Cherokee County, Texas, respectfully submits this *Anders Brief* in

support of his Motion to Withdraw.

**Opinions Below**

The Order of Deferred Adjudication as rendered by the court is set forth in the Clerk's Record (CR vol 1, page 13). The Order Imposing Conditions of Community Supervision is set forth in Clerk's Record (CR vol. 1, page 15). The Motion to Adjudicate is set forth in the Clerk's Record (CR vol 1, page 20). The judgment adjudicating Guilt and assessing sentence is set forth in the Clerk's Record ( CR vol 1, page 44) and the Reporter's Records (RR vol 2, page 48 and vol 2, page 84) and Appendix A.

**Jurisdiction**

Appellant jurisdiction for this cause is properly before this Court pursuant to Texas Constitution art. V, §§ 1, 6 and 8; Texas Code Criminal Procedure Ann. arts. 4.01 and 4.03; and Texas Government Code §§ 22.201(m) and 22.213.

**Constitutional Provisions, Statutes and
Code of Criminal Procedure involved**

This appeal involves U. S. Constitution Amendments V, VI and XIV; Texas Constitution art. I, §§ 10 and 19 and art. V, §§ 1, 6 and 8; Texas Government Code §§, 22.201(m), and 22.213; Texas Code of Criminal Procedure arts. 1.04, 1.05, 1.15, 4.01, 4.03; Texas Penal Code §§ 6.03, 12.04, 12.35(a) and (b); Texas Health & Safety Code §§ 481.102(3)(D); 481.115(a) and (b) Texas Rules of Appellate Procedure Rules 21.8, 25.2(a)(2), 26.2(a), 33.1(a), 35.2, 35.3(b) and (c) and 44.2(a).

**Statement of the Case**

**I.      Nature of the Proceeding**

This cause originated in the 2nd Judicial District Court of Cherokee County, Texas. On May 28, 2013, Appellant was indicted for Possession of a Controlled Substance - Penalty Group 1. (CR vol 1, page 6) *Health & Safety Code §§ 481.102(3)(D); 481.115(b)* On September 12, 2013, Appellant, by and through his attorney of record, filed his written waiver of arraignment and agreement to be arraigned at time of trial. (CR vol 1, page 8) The offense, as alleged in the information, constituted a State Jail Felony. *Texas Health & Safety Code* § 481.115(b). Punishment for a State Jail Felony has been set by our legislature at confinement in a state jail facility of the Texas Department of Criminal Justice, Institutional Division, for a term not less than one hundred eighty (180) days, nor more than 2 years. *Texas Penal Code § 12.35(a).* In addition to confinement, a fine may be imposed in an amount not to exceed $10,000.00. *Texas Penal Code § 12.35(b).*

On that January 16, 2014, Appellant, with his attorney's signed consent and approval, entered his written Plea Bargain agreement and Waiver of and Stipulation to the Evidence and Statements. (CR vol 1, page 9). The Court accepted the agreement, waiver and stipulation and found the Appellant competent and had acted knowingly and voluntarily in the plea. (CR vol 1, page 10) The Order of Deferred

Adjudication was entered on that same date. (CR vol 1, page 13).

On July 9, 2014, the State filed its Motion to Adjudicate. (CR vol 1, page 20). On October 24, 2014, the Court considered Appellants application for court appointed attorney and entered its order appointing legal counsel to represent Appellant at the adjudication hearing. (CR vol 1, page 40) On January 8, 2015, the Court held the hearing on the motion. (RR vol 2, page 1).

The Judgment adjudicating guilt was entered on that same day. (CR vol 1, page 44) (RR vol 2, page 46, line 19) The Court assessed confinement in the State Jail Facility of TDCJ, ID for a period of two (2) years to be consecutive with its companion case, cause # 18851. (RR vol 2, page 85, ,line 9) (CR 1 page 44)

## II.    Summary of the Facts

This cause originated in the 2nd Judicial District Court of Cherokee County, Texas. On May 28, 2013, Appellant was indicted for the offense of Possession of a Controlled Substance - Penalty Group 2. (CR vol 1, page 6) *Texs Health & saftey Code 481.102(3)(D), 481.115(a)and(b)* On September 12, 2013, Appellant, by and through his attorney of record, filed his written waiver of arraignment and agreed to be arraigned at trial. (CR vol 1, page 8) The offense, as alleged in the information, constituted a State Jail Felony. *Texas Health and Safety Code § 481.115(b).* Punishment for a State Jail Felony has been set by our legislature at confinement in a

state jail facility of the Texas Department of Criminal Justice, Institutional Division, for a term not less than one hundred eighty (180) days, nor more than 2 years. *Texas Penal Code § 12.35(a).* In addition to confinement, a fine may be imposed in an amount not to exceed $10,000.00. *Texas Penal Code § 12.35(b).*

On January 16, 2014, Appellant, with his attorney's signed consent and approval, entered his written Plea Bargain agreement and Waiver of and Stipulation to the Evidence and Statements. (CR vol 1, page 9). The Court accepted the agreement, waiver and stipulation and found the Appellant competent and had acted knowingly and voluntarily in the plea. (CR vol 1, page 10) The Order of Deferred Adjudication was entered on that same date. (CR vol 1, page 13).

On July 9, 2014, the State filed its Motion to Adjudicate. (CR vol 1, page 20) On October 24, 2014, the Court considered Appellants application for court appointed attorney and entered its order appointing legal counsel to represent Appellant at the adjudication hearing. (CR vol 1, page 40) On January 8, 2015, the Court held the hearing on the motion. (RR vol 2, page 1).

At the beginning of the hearing, the Court admonished Appellant of his rights and the possible consequences of pleading true to the allegations filed in the State's motion. (RR vol 2, page 1, line 8). Defense counsel also represented that he had also counseled with his client regarding the motion and its contents. (RR vol 2, page 4, line

4). Appellant entered a plea of TRUE to the allegations, <u>except</u> for paragraphs ## 11, 12, 13, 14, 22, 24, 29, and 30 to which he pled NOT TRUE. (RR vol 2, page 4, line 10) The State abandoned paragraph # 15. (RR vol 2, page 4, line 22)

The State waived opening statement (RR vol 2, page 7, line 6) The State opened by introducing State's exhibit 1, a certificate of the analysis of the blood (concerning the DWI allegation set forth in the violation allegation paragraph 3 of the motion to adjudicate) which had been on file with the Court since the previous November 12th, without any previous objection to its filing. (RR vol 2, page 7, page 20) However, Defense counsel objected at this time stating that they had already pled TRUE to the referenced allegation and that the plea therefore took the issue out of consideration, making the introduction bolstering. (RR vol 2, page 7, line 25). The Court overruled the objection. (RR vol 2, page 8, line 6) "A conviction rendered *without sufficient evidence to support a guilty plea constitutes a trial error.*" (*emphasis added*) *Menefee v State,* 287 SW3rd 9, 14 (Tex Crim App 2009); Tex Code Crim Proc. Art. 1.15.

The State then called its first witness, Alan Schantz, the Appellant's supervising probation officer. (RR vol 2, page 9, line 8) Schantz testified that his notes did not reflect that the Appellant had any problems understanding the terms of his probation. (RR vol 2, page 10, line 19) Schantz was not allowed to testify as to hearsay evidence concerning allegation of activity in Houston Couny. (RR vol 2, page 12, line 10)

Under cross-examination, Schantz testified that Appellant tested positive for drugs (RR vol 2, page 13, line 19) and that Appellant confessed to Schantz that he had been using drugs (RR vol 2, page 14, line 1)

On re-direct, it was confirmed that the drugs for which Appellant tested positive were cocaine and marihuana. (RR vol 2, page 15, line 14)

The State's second witness was Deputy Justin Link of the Houston County Sheriff's office. (RR vol 2, page 17, line 6) Link testified that, while on patrol, he stopped the Appellant within Houston County on or about June 2, 2014 for driving erratically (RR vol 2, page 18, line 8) around 7:30 p.m. (RR vol 2, page 19, line 18) Identifying the driver as the Appellant (RR vol 2, page 23, line 12), Link further testified that when he approached Appellant he could smell the strong odor of marihuana (RR vol 2, page 24, line 18) and that Appellant admitted that he smoked "K2" earlier. (RR vol 2, page 24, line 23) His further testimony indicated that Appellant identified a bottle's contents as "crack cocaine" (RR vol 2, page 26, line 8) and that the 27 pills contained therein were Xanax pills, for which he did not have a prescription (RR vol 2, page 27, line 1) Link also stated that Appellant confirmed that both the cocaine and the Xanax were for his (Appellant's) personal use (RR vol 2, page 27, line 2) Officer Link testified that Appellant was arrested for possession of a controlled substance (RR vol 2, page 27, line 22) as well as for tampering with

evidence since Appellant tried to throw the bottle away before he was stopped. (RR vol 2, page 28, line 1) Efforts to identify the contents of the bottle as cocaine by any other method other than Appellant's statements were ruled inadmissable hearsay (RR vol 2, page 28, line 21) Defense counsel's objection to Appellant's statements concerning the bottle and its contents as in violation of Appellant's *Miranda* rights were overruled. (RR vol 2, page 38, line 13). A discussion was had concerning whether the statements were made during a custodial interrogation and whether once *Miranda* had been read and the Appellant confirmed his previous statements and continued to answer questions whether that the statements were then made admissible. (RR vol 2, page 36, line 9)

During cross-examination, it was determined that when Officer Link had returned with the bottle which Appellant was seen throwing out of his vehicle, Link asked whether the bottle belonged to Appellant at which time Appellant identified what was inside of it. (RR vol 2, page 31, line 6 and page 35, line 15). "If a statement was admissible as res gestae the fact that it was made in response to an inquiry, or while under arrest does not render the testimony inadmissible." *Harryman v State*, 522 SW2nd 512, 516 (Tex Crim App 1975) Further, after making these statements Appellant was read his *Miranda* warnings, indicated that he understood them and continued to answer the officer's questions concerning the narcotics. (RR vol 2, page

31, line 14)

The State rested calling no further witnesses. (RR vol 2, page 42, line 16)

The Appellant declined to testify. (RR vol 2, page 43, line 18). The defense called no witnesses. (RR vol 2, page 43, line 11)

Both parties agreed that the Court could adjudicate the Appellant guilty based upon the pleas. (RR vol 2, page 44, line 16) A plea of TRUE, standing alone, is sufficient to support a revocation of probation. *Cole v State*, 578 SW2nd 127, 128 (Tex Crim App 1979)

The Judgment adjudicating guilt was entered on that same day. (CR vol 1, page 48) (RR vol 2, page 46, line 19)

The punishment phase began with the State calling its first and only witness, Officer Brandon Dobbs of the Jacksonville Police Department. (RR vol 2, page 49, line 19) Officer Dobbs testified as the arresting officer for the underlying charges and discussed the circumstances surrounding same. (RR vol 2, page 50, line 9) The state rested. (RR vol 2, page 57, line 12)

The defense presented its first and only witness, Gerri Michelle Johnson, Appellant's mother, as a character witness. (RR vol 2, page 57, line 15) The defense then rested (RR vol 22, page 82, line 25)

The Court assessed confinement in the State Jail Facility of TDCJ, ID for a

period of two (2) years to be consecutive with its companion case, cause # 19099. (RR vol 2, page 85, line 9) (CR 1 page 44)

Appellant filed a pro se Notice of Appeal on January 20, 2015 (CR vol 1, page 47). That same date, Appellate also filed a request for the appointment of appellate counsel. (CR vol 1, page 48) The Court found Appellate indigent and appointed legal counsel on appeal on February 12, 2015 (CR vol 1, page 52) however, notice of the appointment was not forwarded until March 18, 2015. (CR vol 1, page 53) Appellant's counsel filed a Motion for New Trial and Motion in Arrest of Judgment (CR vol 1, page 57), as well as the Written Designation Specifying Matters for Inclusion in Clerk's Record (CR vol 1, page 59) and his Request for Preparation of Reporter's Record and Designation of Matters to be Included, along with his Request for a Free Reporter's Record (CR vol 1, page 61). The Motion for New Trial was DENIED by operation of law. *Texas Rules of Appellate Procedure 21.8*.

The Clerk's Record (CR) was received and timely filed with the Court of Appeals. *Texas Rules of Appellate Procedure 35.2* The Reporter's Record (RR) was also received and timely filed with the Court. *Id.* All necessary and proper prerequisites for this appeal have timely and properly occurred. *Texas Rules of Appellate Procedure 25.2(a)(2), 26.2(a), 35.2 and 35.3 (b) and (c).*

## Summary of the Argument

### *ANDERS* GROUNDS

After thorough review, Appellate counsel can find no legally or factually non-frivolous grounds for appeal reasonably calculated to return a judgment of modification or reversal. *Anders v California*, 386 US 738 (1967)

### PRESERVATION OF ERROR

To preserve error on appeal, the complaining party must make a timely, specific objection, and obtain a ruling on the objection. *TRAP 33.1(a); Neal v State*, 256 SW3rd 264, 279 (Tex Crim App 2008)

## ARGUMENT

**1.      The Undersigned Finds No Legally or Factually Non-Frivolous Grounds For Appeal Reasonably Calculated To Return A Judgment Of Modification Or Reversal**

Appellant is guaranteed Due Process under the 5th and 14th Amendments to the United States Constitution and the Texas Constitution Art. I, §19, wherein is stated, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." *See also, Texas Code of Criminal Procedure § 1.05.*

Pursuant to Rule 3.01 Meritorious Claims and Contentions of the Texas Rules of Disciplinary Conduct, a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous.

In *Anders v California*, 386 US 738, 744 (1967), the United States Supreme Court provided a procedure wherein an appointed legal counsel in a criminal appellate case should follow when seeking to withdraw from the appeal which in counsel's professional opinion is frivolous. The Court stated that counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. *McCoy v Court of Appeals*, 486 US 429

(1988); *see also, Anders v California*, 386 US at 744-45.

After a thorough and conscientious review of the record, the undersigned concludes that the appeal of the instant case is wholly frivolous and that there is found no legal or factual non-frivolous grounds for an appeal reasonably calculated to return a judgment of modification or reversal. Therefore, the undersigned must respectfully advise this Court of same and request permission to withdraw. *Anders v California*, 386 US at 744; *Stafford v State*, 813 SW2d 503, 511 (Tex Crim App 1991); Texas Disciplinary Rules of Professional Conduct Rule 3.01.

A.      **Sufficiency of the indictment or misdemeanor information.**

On May 28, 2013 Appellant was indicted for the criminal offense of Possession of a Controlled Substance - Penalty Group 1. (CR vol 1, page 6) *Texas Heakth & Safety Code §§ 481.102(3)(D) and 481.115(a) and (b)* Appellant, by and through his attorney of record, filed his written waiver of arraignment and agreed to be arraigned at time of trial. (CR vol 1, page 8) The offense, as alleged in the information, constituted a State Jail Felony. *Texas Health & Safety Code § 481.115(b).* Punishment for a State Jail Felony has been set by our legislature at confinement in a state jail facility of the Texas Department of Criminal Justice, Institutional Division, for a term not less than one hundred eighty (180) days, nor more than 2 years. *Texas Penal Code § 12.35(a).* In addition to confinement, a fine may be imposed in an amount not to

exceed $10,000.00. *Texas Penal Code § 12.35(b).*

The Indictment appear as to be in proper form and alleges sufficient facts to apprise Appellant of the charges. Further, those charges are stated in substantial conformity with the cited statutes.

Both the Sixth Amendment to the U.S. Constitution and Article I, § 10 of the Texas Constitution require that a Defendant be given proper notice before trial of the "nature and cause" of the accusation against him, and further requires that the notice be provided with sufficient clarity and detail as to enable the defendant to anticipate the State's evidence and prepare a proper defense to it. *Eastep v State*, 941 SW2nd 130, 132 (Tex Crim App 1997) Under Article I,§ 10, the requisite notice must come from the face of the charging instrument. *Id* Thus, in this case, the Indictment must allege, in plain and intelligible language, all of the facts and circumstances necessary to establish all of the material elements of the offense alleged. *Bynum v State*, 767 SW2nd 769, 779 (Tex Crim App 1989).

The fact that the incident occurred within the jurisdiction of the Court, comprising Cherokee County, Texas, was expressly established by the Indictment (CR vol 1, page 6) and Appellant's written Stipulation (CR vol 1, page 9)

The Motion to Adjudicate was precise in its notice of the violations alleged. (CR vol 1, page 20)

**B.** **Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial.**

The undersigned finds no evidence that Appellant was arraigned prior to his plea. An attorney representing a Defendant may present a waiver of arraignment, and the clerk of the court may not require the presence of the Defendant as a condition of accepting the waiver. To preserve error on appeal, the complaining party must make a timely, specific objection, and obtain a ruling on the objection. *TRAP 33.1(a); Neal v State*, 256 SW3rd 264, 279 (Tex Crim App 2008); *In Re A.D.A.*, 287 SW3rd 382, 387 (Tex App Texarkana 2009). No objection was made. Furthermore, a plea of TRUE, standing alone, is sufficient to support a revocation of probation. *Cole v State*, 578 SW2nd 127, 128 (Tex Crim App 1979) Additional, Appellant waived his right by written agreement (CR vol 1, page 9)

**C.** **Compliance with Texas Code of Criminal Procedure article 26.13 and, if appropriate, *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).**

The Appellant properly admonished in writing of his rights at the time of the original plea. (CR vol 1, page 9) At time of the hearing on the motion to adjudicate, the Court again admonished him concerning the revocation. (RR vol 2, page 1, line 1)

**D.** **Whether the issue of competency was raised prior to sentencing, so as to warrant an inquiry by the court, and whether appellant was**

**mentally competent when the court accepted the plea.**

The Court made a specific finding of the competence of Appellant. (CR vol 1, page 9) No other evidence suggests Appellant was not mentally competent at time of the hearing on the Motion to Adjudicate.

**E.      Whether appellant's plea was freely and voluntarily made.**

The Court made a specific finding that the plea was free and voluntary (CR vol 1, page 9). No other evidence suggests that Appellant's plea was not free and voluntary. Appellant was also represented by legal counsel who stated that he had previously counsel with Appellant concerning the plea and its consequences.(RR vol 2, page 4, line 4)

**F.      Any adverse rulings during the sentencing hearing on objections or motions.**

There were no objections during the sentencing hearing.

**G.      Any failure on the part of appellant's trial counsel to object to fundamental error.**

There is no evidence of fundamental error

**H.      Whether the sentence imposed was within the applicable range of punishment.**

Appellant was charged with the criminal offense of Possession of a Controlled

Substance - Penalty Group 1. (CR vol 1, page 6); *Texas Health & Safety Code § 481.102(3)(D) and 481.115(a) and (b).* The offense, as alleged in the indictment, constituted a State Jail Felony. *Texas Health & Safety Code § 481.115(b).* Punishment for a State Jail Felony has been set by our legislature at confinement in a state jail facility of the Texas Department of Criminal Justice, Institutional Division, for a term not less than one hundred eighty (180) days, nor more than 2 years. *Texas Penal Code § 12.35(a).* In addition to confinement, a fine may be imposed in an amount not to exceed $10,000.00. *Texas Penal Code § 12.35(b).* The Court assessed confinement in the State Jail Facility of TDCJ, ID for a period of two (2) years to be consecutive with its companion case, cause # 19099. (RR vol 2, page 85, ,line 9) (CR 1 page 44) The punishment was within the permissible range.

**I.    Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**

The judgment accurately reflects the sentence imposed and the proper credit earned. (CR vol 1,page 44)

**J.    Whether there is evidence to support a guilty plea in a felony case.**

There is sufficient evidence to support a Guilty/True plea. A plea of TRUE, standing alone, is sufficient to support a revocation of probation. *Cole v State*, 578 SW2nd 127, 128 (Tex Crim App 1979)

In addition to Appellant's plea of TRUE, the State opened it case by introducing State's exhibit 1, a certificate of the analysis of the blood (concerning the DWI allegation set forth in the violation allegation paragraph 3 of the motion to adjudicate) which had been on file with the Court since the previous November 12th, without any previous objection to its filing. (RR vol 2, page 7, page 20) However, Defense counsel objected at this time stating that they had already pled TRUE to the referenced allegation and that the plea therefore took the issue out of consideration, making the introduction bolstering. (RR vol 2, page 7, line 25). The Court overruled the objection. (RR vol 2, page 8, line 6) "A conviction rendered *without sufficient evidence to support a guilty plea constitutes a trial error.*" (*emphasis added) Menefee v State,* 287 SW3rd 9, 14 (Tex Crim App 2009); Tex Code Crim Proc. Art. 1.15.

The State then called its first witness, Alan Schantz, the Appellant's supervising probation officer. (RR vol 2, page 9, line 8) Schantz testified that his notes did not reflect that the Appellant had any problems understanding the terms of his probation. (RR vol 2, page 10, line 19) Schantz was not allowed to testify as to hearsay evidence concerning allegation of activity in Houston Couny. (RR vol 2, page 12, line 10)

Under cross-examination, Schantz testified that Appellant tested positive for drugs (RR vol 2, page 13, line 19) and that Appellant confessed to Schantz that he had been using drugs (RR vol 2, page 14,line 1)

On re-direct, it was confirmed that the drugs for which Appellant tested positive were cocaine and marihuana. (RR vol 2, page 15, line 14)

The State's second witness was Deputy Justin Link of the Houston County Sheriff's office. (RR vol 2, page 17, line 6) Link testified that, while on patrol, he stopped the Appellant within Houston County on or about June 2, 2014 for driving erratically (RR vol 2, page 18, line 8) around 7:30 p.m. (RR vol 2, page 19, line 18) identifying the driver as the Appellant (RR vol 2, page 23, line 12) Link further testified that when he approached Appellant he could smell the strong odor of marihuana (RR vol 2, page 24, line 18) and that Appellant admitted that he smoked "K2" earlier. (RR vol 2, page 24, line 23) His further testimony indicated that Appellant identified a bottle's contents as "crack cocaine" (RR vol 2, page 26, line 8) and that the 27 pills contained therein were Xanax pills, for which he did not have a prescription (RR vol 2, page 27, line 1) Link also stated that Appellant confirmed that both the cocaine and the Xanax were for his (Appellant's) personal use (RR vol 2, page 27, line 2) Officer Link testified that Appellant was arrested for possession of a controlled substance (RR vol 2, page 27, line 22) as well as for tampering with evidence since Appellant tried to throw the bottle away before he was stopped. (RR vol 2, page 28, line 1) Efforts to identify the contents of the bottle as cocaine by any other method other than Appellant's statements were ruled inadmissable hearsay (RR vol 2,

page 28, line 21) Defense counsel's objection to Appellant's statements concerning the bottle and its contents as in violation of Appellant's *Miranda* rights were overruled. (RR vol 2, page 38, line 13). A discussion was had concerning whether the statements were made during a custodial interrogation and whether once *Miranda* had been read and the Appellant confirmed his previous statements and continued to answer questions whether that the statements were then made admissible. (RR vol 2, page 36, line 9)

During cross-examination, it was determined that when Officer Link had returned with the bottle which Appellant was seen throwing out of his vehicle, Link asked whether the bottle belonged to Appellant at which time Appellant identified what was inside of it. (RR vol 2, page 31, line 6 and page 35, line 15). "If a statement was admissible as res gestae the fact that it was made in response to an inquiry, or while under arrest does not render the testimony inadmissible." *Harryman v State*, 522 SW2nd 512, 516 (Tex Crim App 1975) Further, after making these statements Appellant was read his *Miranda* warnings, indicated that he understood them and continued to answer the officer's questions concerning the narcotics. (RR vol 2, page 31, line 14)

**K.    Jury Selection.**

The case was tried to the Court pursuant to a waiver at the time of the underlying

charge. The hearing on the Motion to Adjudicate was tried to the Court

**L.    Examination of the record to determine if the appellant was denied effective assistance of counsel.**

There is no evidence that counsel was ineffective. The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state constitutions. *Hernandez v State*, 726 SW2d. 53 (Tex Crim App 1986). Measured by subsequent developments, the prejudice prong creates a "but for" reasonableness standard, i.e., "but for" counsel's unprofessionalism, a different result would have occurred. Even if Appellant demonstrates counsels' unreasonable errors, he must show that they adversely affected the defense. Whether a <u>fundamentally</u> unfair result occurred becomes the focus for appellate review. *Strickland v Washington*, 466 US 668 (1984).

Among counsel's duties is that of making an independent investigation of the facts of his client's case. It is fundamental that an attorney must have a firm command of the facts of the case as well as the law before he can render reasonably effective assistance of counsel. A natural consequence of this notion is that counsel also has a responsibility to seek out and interview potential witnesses and failure to do so is to be ineffective, if not incompetent, where the result is that any viable defense available to the accused is not advanced. *Ex Parte Wellborn*, 785 SW2d 391 (Tex Crim pp 1990);

*Butler v State*, 716 SW2d 48, (Tex Crim App 1986)

Moreover, counsel has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. Thus a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceedings. *Id*.

Counsel's actions demonstrated knowledge of the facts of the case. He presented objections, with the Court sustaining most of them. (RR vol 2, page 7, line 25-bolstering/Denied; page 12, 10-hearsay/Sustained; page 12, line 25-hearsay/Sustained; page 28, line 22-hearsay/Sustained; page 36, line 9-*Miranda*/Denied.

Insofar as the bolstering objection, the State opened its case by introducing State's exhibit 1, a certificate of the analysis of the blood (concerning the DWI allegation set forth in the violation allegation paragraph 3 of the motion to adjudicate) which had been on file with the Court since the previous November 12th, without any previous objection to its filing. (RR vol 2, page 7, page 20) However, Defense counsel objected at this time stating that they had already pled TRUE to the referenced allegation and that the plea therefore took the issue out of consideration, making the introduction bolstering. (RR vol 2, page 7, line 25). The Court overruled the objection. (RR vol 2, page 8, line 6) "A conviction rendered *without sufficient evidence to support a guilty plea constitutes a trial error.*" (*emphasis added) Menefee v State,* 287

11

SW3rd 9, 14 (Tex Crim App 2009); Tex Code Crim Proc. Art. 1.15.

Insofar as the *Miranda* objection, Officer Link's testimony indicated that Appellant identified a bottle's contents as "crack cocaine" (RR vol 2, page 26, line 8) and that the 27 pills contained therein were Xanax pills, for which he did not have a prescription (RR vol 2, page 27, line 1) Link also stated that Appellant confirmed that both the cocaine and the Xanax were for his (Appellant's) personal use (RR vol 2, page 27, line 2) Officer Link testified that Appellant was arrested for possession of a controlled substance (RR vol 2, page 27, line 22) as well as for tampering with evidence since Appellant tried to throw the bottle away before he was stopped. (RR vol 2, page 28, line 1) Efforts to identify the contents of the bottle as cocaine by any other method other than Appellant's statements were ruled inadmissable hearsay (RR vol 2, page 28, line 21) Defense counsel's objection to Appellant's statements concerning the bottle and its contents as in violation of Appellant's *Miranda* rights were overruled. (RR vol 2, page 38, line 13). A discussion was had concerning whether the statements were made during a custodial interrogation and whether once *Miranda* had been read and the Appellant confirmed his previous statements and continued to answer questions whether that the statements were then made admissible. (RR vol 2, page 36, line 9)

During cross-examination, it was determined that when Officer Link had

returned with the bottle which Appellant was seen throwing out of his vehicle, Link asked whether the bottle belonged to Appellant at which time Appellant identified what was inside of it. (RR vol 2, page 31, line 6 and page 35, line 15). "If a statement was admissible as res gestae the fact that it was made in response to an inquiry, or while under arrest does not render the testimony inadmissible." *Harryman v State*, 522 SW2nd 512, 516 (Tex Crim App 1975) Further, after making these statements Appellant was read his *Miranda* warnings, indicated that he understood them and continued to answer the officer's questions concerning the narcotics. (RR vol 2, page 31, line 14)

The record also reflected that he and his client spoke in depth about the procedural aspects of the case as well. (RR vol 2, page 4, line 4)

## Conclusion

For the reasons stated above, Appellant respectfully prays that this Court GRANTS Counsel's Motion To Withdraw, notifies Appellant of this action and grant Appellant an opportunity to either hire legal counsel or file a response or brief *pro se.* In the event Appellant desires to file a response or brief *pro* se, Counsel would urge to Court to grant Appellant sufficient reasonable time for research and preparation of same.

Respectfully submitted,

LAW OFFICE OF FORREST K. PHIFER     Forrest K. Phifer
P.O. Box 829     SBN 15908570
Rusk, Texas 75785-0829
(903) 721-1842     By: /S/ Forrest K. Phifer

### Certificate of Compliance with TRAP 9.4(i)(3)

I, the undersigned certify that this brief contains 8,975 words.

BY: /S/ Forrest K. Phifer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on the prosecuting attorney, Cherokee County, Cherokee County Courthouse, 135 South Main Street, Rusk, Cherokee County, Texas 75785 in accordance with the applicable Texas Rules of Criminal Procedure on August 5, 2015.

By: /S/ Forrest K. Phifer

# APPENDIX

# APPENDIX A

**[Trial Court's Judgment or other appealable order from which relief is sought]**

State's #1

CAUSE NO: 18851

DARRIAN DEWAYNE JOHNSON JR
SID # 08052716
TRN# 9191755506 A001

IN THE SECOND JUDICIAL
DISTRICT COURT OF
CHEROKEE COUNTY, TEXAS

## FELONY AGREED PLEA RECOMMENDATION-NO APPEAL

| | |
|---|---|
| ☒ Plea Bargain or ☐ Open Plea<br>Plea Date: | Offense: POSS CS PG 1<1G<br>Offense Code: 481.115(b) HSC<br>Offense Date. 07-21-2012 |

**Range of Punishment**

| | | | |
|---|---|---|---|
| ☐ | First Degree 5 years to 99 years or life/$10,000 fine | ☐ | Second Degree 2 years to 20 years/$10,000 fine |
| ☐ | Third Degree 2 years to 10 years/$10,000 fine | ☒ | State Jail 180 days to 2 years/$10,000 fine |
| ☐ | Reduced to the lesser included offense of ___ , A Class ___ Misdemeanor or ___ Felony. | ☐ | State Jail to be treated as a misdemeanor Under 12.44(b) |
| ☐ | Pursuant to Tx. C. Cr. P. 12.45<br>Included or Un-indicted cases taken into consideration; | | State Jail to be punished as misd. under 12.44(a) |
| | | ☐ | True pleas to enhancements or multiple Counts |

| | | | |
|---|---|---|---|
| ☐ | **Community Supervison**<br>probated for ___ | ☒ | **Deferred Adjudication of Guilt**<br>FOUR (4) YEARS probation |
| ☐ | AGREED Time Credit: | ☐ | TDCJ ID ___ years |
| | My signature below signifies my agreement to the plea bargained credit I will receive in this case. | ☐ | TDCJ-State Jail |

| | | | |
|---|---|---|---|
| ☒ | Standard Probation Terms | ☒ | Reimburse For Court Appointed Attorney's fees - (if applicable) |
| $300.00 | Fine ($300 probated) | ☒ | Participate in the Corrective Actions |
| $ ___ | Restitution to Victim | ☐ | Participate in a DWI Program |
| $ | Reimbursement County for ___ | ☐ | Install ignition interlock for ___ Years ___ thru ___ |
| $140.00 | Reimbursement to DPS Lab – Lab No: TYL-1209-05593<br>TX Dept of Public Safety Restitution Accounting<br>PO Box 4087<br>Austin, TX 78773-0120 | ☒ | Participate in a Drug Offenders Program |
| ___ | Hours of Community Service | ☐ | Sex Offenders Program and Conditions |
| ___ | Jail time as a condition of probation | ☐ | Complete the Intermediate Sanction Facility |
| ___ | DL suspension length | ☐ | SAFPF as a condition of probation |
| ☒ | Reimbursement of Court Costs as determined by Court Clerk at the time of plea. | ☒ | Defendant shall not own or possess a firearm |
| ☒ | $50.00 to CrimeStoppers | ☐ | Special. |

X _____
  Defendant

_____
  Defendant's Attorney

DARRIAN DEWAYNE JOHNSON JR - 18851

_____
  State's Attorney

_____
  Presiding Judge

FILED
JAN 16 2014
SCANNED

9

**PUNISHMENT RECOMMENDATIONS:** Defendant has been told the full range of punishment for this case and any punishment recommendation of the State is not binding on the Court. If the Court does not follow the recommendation the Defendant will be allowed to withdraw any guilty plea and the case will be set for trial. If the Court follows the plea agreement and assesses the agreed punishment the defendant cannot appeal the case without the Court's permission unless based on motions previously filed.

**VOLUNTARINESS OF PLEA:** The Defendant hereby states that he is entering his plea of guilty / no contest freely and voluntarily, and only because he is guilty. The Defendant confirms his/her attorney has explained this document, that he completely read and understands all the written waivers, stipulations and motions filed in connection with this plea, including those in this instrument, and that the execution of each was done freely, voluntarily and intelligently. "If I have been convicted of an offense requiring sex offender registration, I fully understand my obligations under Chapter 62 of the Texas Code of Criminal Procedure and have been given a written explanation of the requirements."

**STIPULATION OF EVIDENCE AND JUDICIAL CONFESSION**

Defendant consents in writing and in open Court waives the appearance, confrontation and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of evidence in support of the judgment of the Court. Defendant waives the right to remain silent in both the guilt and innocence phases of trial. Defendant judicially confesses to the offense(s) alleged in the indictment, complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged. The defendant pleads true to enhancement allegations and special issues.

**WAIVER OF RIGHTS AND TIME LIMITS:** Defendant, in willing and in open Court, waives any and all rights and time limits (pre and post conviction) secured him by law whether of substance, or procedure, and states that any error which may have been committed is harmless.

**WAIVER OF 10 DAYS:** The Defendant and his attorney, both in writing and in open Court, waives the 10 days preparation period provided in Art. 1.051, C.C.P. The Defendant at this time confirms that he is totally satisfied with the representation given him by his attorney and that his counsel was completely competent in every aspect of his representation.

**WAIVER OF TIME TO FILE MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT:** Defendant, after punishment has been assessed and sentenced has been imposed, in writing, and in open Court, waives the time provided in the Rules of Appellate Procedure for filing of a Motion for New Trial and further waives the time provided in the Rules of Appellate Procedure for filing of a Motion in Arrest of Judgment.

**COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL.** This is a plea bargain case and the defendant has NO right of appeal. I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that if my attorney mails a copy of the court, of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.3 I acknowledge a trial, if I were to appeal this case and if I am entitled to go so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

**WAIVER OF POST CONVICTION DNA TESTING:** Defendant waives all rights to post conviction DNA testing as provided for in Chapter 64 of the Texas Code of Criminal Procedure.

**WAIVER OF PRE-SENTENCE REPORT:** The Defendant agrees and requests a pre-sentence report not be made and the Defendant further expressly waives said report.

**NATURALIZATION WARNING:** I understand that if I am not a citizen of the United States of America, a plea of guilty or Nolo Contendre for the offense charged may result in my deportation, and my exclusion from admission to this country or the denial of naturalization under Federal Law.

**ELIGIBILITY FOR PROBATION:** If applicable, the defendant says under oath, he is eligible for probation having never been convicted of a felony in this state or any other State.

**DEFERRED ADJUDICATION:** Defendant has been warned as follows: "If the Court defers adjudication of your guilt and places you on probation, and later proceeds to an adjudication of your guilt, the Court may assess any punishment within the full range of punishment prescribed by law for the crime you were convicted. In the event a Motion to Proceed with adjudication is filed for violation of terms of probation, you will be entitled to a hearing limited to the determination by the Court of whether it should proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your appeal continue as if the adjudication of guilt had not been deferred. You may be arrested and detained upon violation of the terms of probation as provided in other cases of probation." Defendant has been informed of his right to petition the court for an order of nondisclosure under Section 411.081, Government Code, unless otherwise ineligible.

**WAIVER OF READING OF PROBATION CONDITIONS:** I hereby waive the reading of the terms and conditions of probation. I understand the terms of probation will be reviewed with me by the Adult Probation Department, but I am responsible reading this order myself and complying with its terms and conditions. I agree if I violate any term or condition my probation can be revoked. I agree that if I have any questions about the order placing me on probation and its terms and conditions I will not execute or sign same until my questions are answered.

**WAIVER OF JURY:** Defendant in person in open Court, and joined by his attorney, and counsel for the State, waives the right of trial by jury afforded him under law.

**DESTRUCTION OF EVIDENCE:** Defendant agrees all evidence seized in connection with this case(s) may be destroyed without notice and waives Art. 38.42 TCCP.

**DEFENDANT WAIVES ALL RIGHTS TO APPEAL**

x _____
DEFENDANT

x _____
DEFENDANT'S ATTORNEY

_____
ASSISTANT DISTRICT ATTORNEY

SWORN TO AND SUBSCRIBED before me by the Defendant as the 01/16/2014

_____
DEPUTY DISTRICT CLERK

## ORDER ACCEPTING PLEA/CERTIFICATION

The Court then accepted the Defendant's plea, heard evidence and found the Defendant guilty. Punishment was assessed. The Defendant was admonished that he had 10 days in which to file a Motion for New Trial or Motion in Arrest of Judgment, the Defendant waived such time and requested to be sentenced immediately, and sentence was imposed. The Defendant was then informed that he had 30 days in which to file a Motion of Appeal and if indigent, counsel could be appointed and appeal. The Defendant then in open Court waived his right to appeal in writing. Defendant was admonished pursuant to TRAP 25.2(a)(2). The Court approves the written waiver of jury trial, all waivers of rights, and the defendant's judicial confession. Court orders destruction of evidence as agreed.

The Court finds the Defendant is mentally competent and that the foregoing plea of Guilty/Nolo Contendre is made freely and voluntarily. Therefore, the plea is accepted and the defendant sentenced in accordance with the plea bargain agreement as to punishment recommendation.

SIGNED IN OPEN COURT THIS DAY _____

_____
DISTRICT COURT JUDGE PRESIDING

# APPENDIX B

[Jury Charge and Verdict, if any, or the Trial Court's Findings of Fact and Conclusions of Law]

**not applicable**

# APPENDIX C

[Text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.]

APPENDIX C

**Texas Disciplinary Rules of Professional Conduct**

Rule 3.01 Meritorious Claims and Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous.

**The Constitution of the United States of America**

Amendment 5

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Amendment 6

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

Amendment XIV

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or

property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**The Constitution of the State of Texas (1876)**

Article I

§ 10. Rights of Accused in Criminal Prosecutions

In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger

§ 19. Deprivation of Life, Liberty, etc.; Due Course of Law

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Article V

§ 1. Judicial Power; Courts in Which Vested.

The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

...

§ 6. Courts of Appeals; Terms of Justices; Clerks.

(a) The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law. The Justices shall have the qualifications prescribed for Justices of the Supreme Court. The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

(b) Each of said Courts of Appeals shall hold its sessions at a place in its district to be designated by the Legislature, and at such time as may be prescribed by law. Said Justices shall be elected by the qualified voters of their respective districts at a general election, for a term of six years and shall receive for their services the sum provided by law.

(c) All constitutional and statutory references to the Courts of Civil Appeals shall be construed to mean the Courts of Appeals.

§ 8. Jurisdiction of District Court.

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

The District Court shall have appellate jurisdiction and general supervisory control over

the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.

**Texas Government Code**

§ 22.201. Courts of Appeals Districts

(a) The state is divided into 14 courts of appeals districts with a court of appeals in each district.

...

(m) The Twelfth Court of Appeals District is composed of the counties of Anderson, Angelina, Cherokee, Gregg, Henderson, Houston, Nacogdoches, Rains, Rusk, Sabine, San Augustine, Shelby, Smith, Trinity, Upshur, Van Zandt, and Wood.

...

§ 22.213. Twelfth Court of Appeals

(a) The Court of Appeals for the Twelfth Court of Appeals District shall be held in the City of Tyler.

(b) The City of Tyler and Smith County shall furnish and equip suitable rooms and a library for the court and the justices without expense to the state.

(c) The court may transact its business in the City of Tyler or at the county seat of any county in the district as the court determines is necessary or convenient, except that all cases originating in Smith County shall be heard and transacted in the City of Tyler.

**Texas Code of Criminal Procedure**

Art. 1.04

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Art. 1.05. Rights of Accused

In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. No person shall be held to answer for a felony unless on indictment of a grand jury.

Art. 1.15. Jury in Felony

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 01.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Art. 4.01. What Courts Have Criminal Jurisdiction

The following courts have jurisdiction in criminal actions:

...

3. The district courts;

Art. 4.03. Courts of Appeals

The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal

court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

**Texas Penal Code**

§6.03. Definitions of Culpable Mental States

(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

12.04 Classification of Felonies

(a) Felonies are classified according to the relative seriousness of the offense into five

categories:

(1) capital felonies;
(2) felonies of the first degree;
(3) felonies of the second degree;
(4) felonies of the third degree; and
(5) state jail felonies.
(b) An offense designated a felony in this code without specification as to category is a state jail felony.

§12.35. State Jail Felony Punishment

(a) ... an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

**Health & Safety Code**

§481.102 Penalty Group 1
                                                            ...
(3) the following substances, however produced, except those narcotic drugs listed in another group:

                                                            ...
(D) Cocaine, including:
(i) its salts, its optical, position, and geometric isomers, and the salts of those isomers;
(ii) coca leaves and a salt, compound, derivative, or preparation of coca leaves;
(iii) a salt, compound, derivative, or preparation of a salt, compound, or derivative that is chemically equivalent or identical to a substance described by Subparagraph (i) or (ii), other than decocainized coca leaves or extractions of coca leaves that do not contain cocaine or ecgonine

§481.115 Possession of Substance in Penalty Group 1

(a) Except as authorized by this chapter, a person commits an offense if the person

knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice.

(b) An offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram.

**Texas Rules of Appellate Procedure**

Rule 21 New Trials in Criminal Cases

...

21.8 *Court's Ruling.*

(a) *Time to Rule.* --The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court.

(b) *Ruling.* --In ruling on a motion for new trial, the court may make oral or written findings of fact. The granting of a motion for new trial must be accomplished by written order. A docket entry does not constitute a written order.

(c) *Failure to Rule.* --A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires.

Rule 25.2(a)(2)

*Of the Defendant.*–A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules.

...

Rule 26.2 *Criminal Cases.*

(a) *By the Defendant.* --The notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2) within 90 days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

Rule 33.1  *Preservation; How Shown.*

(a)  In General. --As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Rule 35.2 *Criminal Cases.* --The appellate record must be filed in the appellate court:
...
(b) if a timely motion for new trial is filed and denied, within 120 days after the date the sentence is imposed or suspended in open court;
...

Rule 35 Time to File Record; Responsibility for Filing Record
...
35.2 *Criminal Cases.* --The appellate record must be filed in the appellate court:

(a) if a motion for new trial is not filed, within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed;

(b) if a timely motion for new trial is filed and denied, within 120 days after the date the sentence is imposed or suspended in open court; or

(c) if a motion for new trial is granted, within 60 days after the order granting the motion is signed.

...

35.3 *Responsibility for Filing Record.*

(b) *Reporter's Record.* --The official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's record if:

(1) a notice of appeal has been filed;

(2) the appellant has requested that the reporter's record be prepared; and

(3) the party responsible for paying for the preparation of the reporter's record has paid the reporter's fee, or has made satisfactory arrangements with the reporter to pay the fee, or is entitled to appeal without paying the fee.

Rule 44.2(a)

If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.